Clara JACKSON et al *v.* CITY OF LITTLE ROCK et al

81-61                                    621 S.W. 2d 852

Supreme Court of Arkansas
Opinion delivered October 12, 1981

*Matthews & Sanders,* by: *Roy Gene Sanders,* for appellants.

*R. Jack Magruder, III,* City Atty., by: *Robert T. Taylor,* Asst. City Atty., for appellees.

FRANK HOLT, Justice. This class action involves an appeal from the chancellor's decision granting appellees' motion for a summary judgment. The chancellor held that the appellee City of Little Rock was under the responsibility to furnish services to the annexed area. Therefore, the City properly collected franchise taxes from appellants in the area during the pendency of the appeal to the Supreme

Court from a circuit court order approving the annexation.

In 1973 and again in 1975, the City of Little Rock attempted to annex 55 square miles of contiguous lands. On both occasions the annexations were declared void. *Saunders* v. *City of Little Rock,* 257 Ark. 195, 515 S.W. 2d 633 (1974); and *Saunders* v. *City of Little Rock,* 262 Ark. 256, 556 S.W. 2d 874 (1977). During the pendency of each appeal from the circuit court's final order holding each annexation valid, the City of Little Rock collected franchise taxes from the residents of the annexed area. Appellants contend these franchise taxes were an illegal exaction and should be refunded. The appellees, the City and Board of Directors, however, respond that their action was lawful since it furnished services to the residents of the annexed area after the circuit court's final order confirming the annexation and during the appeal to this court.

Ark. Stat. Ann. § 19-307.2 (Repl. 1980) provides in pertinent part: "The annexation shall be effective . . . [if, as here, contested in circuit court] on the date the judgment of said Court becomes final." Appellants argue that the judgment of the circuit court, however, did not become final until the issue was finally resolved on appeal to this court. Even so, as the chancellor observed, Ark. Stat. Ann. § 27-2119 (Repl. 1962), in effect during these appeals, provides:

> An appeal . . . shall not stay proceedings on the judgment or order, unless a supersedeas is issued.

To the same effect are Rule 8, Rules of Appellate Procedure, and Rule 62, Rules of Civil Procedure, Ark. Stat. Ann. Vol. 3A. Consequently, we cannot agree with appellant's argument that a supersedeas or stay was unnecessary pending a final judgment on appeal. *Veteran's Taxicab Company* v. *City of Fort Smith,* 213 Ark. 687, 212 S.W. 2d 341 (1948). Here, the circuit court's order was never stayed nor superseded in any manner. In the circumstances, we agree with the chancellor that the appellee City had the authority and responsibility to furnish services to the annexed area and collect the questioned franchise taxes, during the pendency

of the appeal, in accordance with the circuit court order approving the annexation.

Affirmed.

PURTLE, J., not participating.