ROBERT HUNTER (Acct. No. 305440), APPLE TREE CHEVROLET (Acct. No. 0177800), SKYLAND OLDS (Acct. No. 5606700), MARY THRASH (Acct. No. 6077900), W. ANDERSON (Acct. No. 0158600), CLARENCE E. MARTIN, JR. (Acct. No. 3812100), WAYNE COOPER (Acct. No. 1470900) v. CITY OF ASHEVILLE

No. 8528SC1171

(Filed 15 April 1986)

**Judgments § 5.1; Municipal Corporations § 31— annexation ordinance appealed— effective date**

The effective date of an annexation ordinance was the date the judgment of the Court of Appeals holding the ordinance to be valid was certified, not the date of the Supreme Court's order dismissing plaintiffs' appeal and denying discretionary review of the judgment of the Court of Appeals, since N.C.G.S. § 160A-50 provides that the effective date is the date of the final judgment of the superior court or appellate division, as an order of an appellate court dismissing an appeal or denying a petition for review is not a judgment but is purely procedural.

APPEAL by defendant from *Snepp, Judge*. Judgment entered 6 August 1985 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 6 March 1986.

On 14 May 1981 the Asheville City Council adopted Ordinance Number 1219 annexing property in the West Patton Avenue area of Asheville, the effective date of the annexation being 30 June 1981. Plaintiffs, owners of property in the annexed area, brought a civil action contesting the validity of the ordinance. That action resulted in a judgment in the Superior Court of Buncombe County adjudging the annexation to be invalid and void. Upon appeal by Asheville, this Court reversed the Superior Court and held the annexation to be valid. The judgment of this Court was certified to the Superior Court of Buncombe County on 11 July 1983.

On 26 July 1983, plaintiffs appealed to the North Carolina Supreme Court from the judgment of this Court, asserting a substantial constitutional question, and also petitioned the Supreme Court for discretionary review of our judgment. Plaintiffs did not seek from the Supreme Court a stay of our judgment nor a stay of the annexation ordinance. On 6 December 1983, the Supreme Court entered its order dismissing plaintiffs' appeal and denying

their petition for discretionary review. *In re Annexation Ordinance*, 309 N.C. 820, 310 S.E. 2d 351 (1983).

Asheville billed plaintiffs for *ad valorem* taxes on their annexed property based on an effective date of 11 July 1983, the date our judgment was certified. Plaintiffs paid the billed taxes under protest and subsequently requested defendant to refund the taxes paid. Defendant denied the request for refund. Upon appeal by plaintiffs, the superior court entered judgment finding and concluding that the effective date of the annexation ordinance was 6 December 1983, the date of the Supreme Court's order, and ordered defendant to refund to plaintiffs the prorated taxes accrued between 11 July 1983 and 6 December 1983. Defendant has appealed from that judgment.

*Shuford, Best, Rowe, Brondyke and Orr, by Robert F. Orr, for plaintiff-appellee.*

*Sarah Patterson Brison for defendant-appellant.*

WELLS, Judge.

The question dispositive of the rights and obligations of the parties to this appeal is whether the effective date of the annexation ordinance was 11 July 1983, the date the judgment of this Court holding the ordinance to be valid was certified, or whether the effective date of the ordinance was 6 December 1983, the date of our Supreme Court's order dismissing plaintiffs' appeal and denying discretionary review of our judgment.

N.C. Gen. Stat. § 160A-50 (1982) governs appeals from the enactment of annexation ordinances. Subsection (i) provides:

If part or all of the area annexed . . . is the subject of an appeal to the superior court or Court of Appeals on the effective date of the ordinance, then the ordinance shall be deemed amended to make the effective date with respect to such area the date of the final judgment of the superior court or appellate division, whichever is appropriate. . . .

The trial court found and concluded that the "final judgment" in the annexation case was the "judgment" of the Supreme Court dismissing the appeal and denying the petition for discretionary review. We disagree and reverse.

A judgment is a determination or declaration on the merits of the rights and obligations of the parties to an action. *See* 46 Am. Jur. 2d *Judgments* § 1 (1969); *see also Beam v. Almond,* 271 N.C. 509, 157 S.E. 2d 215 (1967); *Russ v. Woodard,* 232 N.C. 36, 59 S.E. 2d 351 (1950); *State v. Williamson,* 61 N.C. App. 531, 301 S.E. 2d 423 (1983). N.C. Gen. Stat. § 1A-1, Rule 54(a) of the Rules of Civil Procedure defines judgment as follows:

> (a) Definition—A judgment is either interlocutory or the final determination *of the rights of the parties* [emphasis supplied].

An order has been defined as being every direction of a court not included in a judgment. *See* 46 Am. Jur. 2d *Judgments* § 3 (1969); *see also State v. Williamson, supra.* An order of an appellate court dismissing an appeal or denying a petition for review is not a judgment; it is not a ruling on the merits of the rights or obligations of the parties but is purely procedural in nature. Accordingly, we hold that the final judgment of the appellate division in the annexation case was the judgment of this Court certified to the court below on 11 July 1983. It follows that the annexation ordinance became effective the same date—11 July 1983—and that plaintiffs are not entitled to a refund of the taxes paid under protest. For the reasons stated, the judgment of the trial court must be reversed and this cause remanded for an order dismissing plaintiffs' action.

Reversed and remanded.

Judges WHICHARD and COZORT concur.