CITY OF BALLWIN,
Plaintiff–Respondent,

v.

Richard HARDCASTLE, et al.,
Defendants–Respondents,

and

St. Louis County, Missouri,
Intervenor–Defendant–Appellant.

No. 54598.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 10, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Feb. 8, 1989.

Application to Transfer Denied
March 14, 1989.

Thomas W. Wehrle, Lisa Randie Rattner, Clayton, Carl C. Polster, St. Louis, for intervenor-defendant-appellant.

Bert Melvin Eide, Clayton, for plaintiff-respondent.

GARY M. GAERTNER, Judge.

This is an annexation case in which St. Louis County appeals from a declaratory judgment by the Circuit Court of St. Louis County granting the City of Ballwin authorization to proceed with annexation of some land situated in unincorporated St. Louis County. We affirm.

Ballwin is a fourth class city located wholly within the boundaries of St. Louis County. On July 16, 1987, Ballwin filed petitions for declaratory judgment authorizing annexation of four separate unincorporated territories under RSMo § 71.015 (1986). Each of the petitions named three different individuals who resided in the areas to be annexed as defendants representing the class. The cases were consolidated and on September 11, 1987, St. Louis County filed a Motion to Intervene. On November 3, 1987, an election was held in complaince with RSMo § 71.870 (1986). Two of the four parcels did not obtain a majority vote in favor of annexation, and the actions for declaratory judgment regarding those

two parcels were voluntarily dismissed without prejudice. The parcel in cause No. 563969 (the "Northeast area") and the parcel in cause No. 653970 (the "South area") both received a majority vote favoring annexation both in Ballwin and in the parcels proposed for annexation.

The Northeast area is a generally rectangular parcel with a contiguous common boundary length of approximately 6000 feet with the City of Ballwin. This parcel contains approximately 400 acres, is fully developed with residential property and has a population of approximately 2400. The South area has a total perimeter of approximately 28,000 feet and a contiguous common boundary length of approximately 10,400 feet with the City. This parcel contains approximately 800 acres, of which 174 acres are vacant. The population of the South area is 5412. The length of the contiguous boundary in each proposed annexation common to the existing city limit and the proposed area to be annexed is at least fifteen percent of the length of the perimeter of the area proposed for annexation.

On January 13, 1988, the two consolidated causes were heard in the Circuit Court of St. Louis County. The City of Ballwin, the individually named defendants, and St. Louis County, each appeared by attorney. Except for the named defendants, no residents of the areas to be annexed appeared personally or by attorney. All residents of the areas were served by publication. The court appointed the attorney for the named defendants as attorney to represent the interest of the defaulting members of the class. The trial court issued its declaratory judgment on February 17, 1988, granting Ballwin authorization to proceed with the annexation. Further facts will be adduced as they become warranted by our discussion of the issues.

■ At the outset, we note the applicable standard of appellate review. The Missouri Supreme Court in *Binger v. City of Independence* states, "the test is whether the evidence shows that the question of reasonableness and necessity of the annexation was fairly debatable." *Binger*, 588 S.W.2d 481, 485 (Mo.1979). If this court concludes that there is substantial evidence that the annexation is reasonable and necessary, then the issue is at least debatable and the annexation decision must be allowed to stand. *City of Olivette v. Graeler*, 369 S.W.2d 85, 96 (Mo.1963).

St. Louis County argues in its first of two points on appeal that the trial court erred in rendering a declaratory judgment for the City of Ballwin as Ballwin failed to meet the burden of going forward with competent or substantial evidence on which the trial court could base a determination that the annexations were reasonable and necessary as required by RSMo § 71.015 (1986). This first point is based on two separate, but related arguments: (1) Ballwin's City Administrator, Michael G. Herring, is incapable of serving as a witness to testify on the reasonableness and necessity of the proposed annexations; and (2) Ballwin failed to put forth substantial evidence of the reasonableness and necessity of the proposed annexations. We initially address the first argument.

■ In order for an expert witness to be qualified it must appear that by reason of education or specialized experience he possesses superior knowledge respecting a subject about which persons having no particular training are incapable of forming an accurate opinion or of drawing correct conclusions. *Shelby County R–IV School District v. Herman*, 392 S.W.2d 609, 616 (Mo.1965). Michael G. Herring, Ballwin's City Administrator, holds a Master's Degree in Public Administration and has over ten years of experience as a City Administrator. Mr. Herring has worked as the City Administrator for Ballwin for approximately six years. The decision to admit or exclude expert testimony is one left to the discretion of the trial court. *Dunkin v. Reagon*, 710 S.W.2d 498, 500 (Mo.App., W.D.1986). We do not find that the trial court abused its discretion in finding that Michael Herring's education and experience qualified him to testify as an expert witness.

■ St. Louis County also challenges the credibility of Michael Herring on the

ground that he has a personal interest in the outcome of this case. Missouri Revised Statutes § 491.010.1 (1986) states, "No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility." Rule 73.01(c)(2) of the Missouri Supreme Court Rules of Civil Procedure states, "On appellate review: ... (2) Due regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." There has been no showing that the trial court abused its discretion in treating Mr. Herring as a credible witness. Upon cross-examination of Mr. Herring defendant had ample opportunity to demonstrate to the trier of fact how the witness' interest in the outcome of the case tainted his credibility. Mr. Herring's interest was known to the trial court, but the trial court, exercising its discretion, treated this testimony as credible.

St. Louis County further contends in its first point on appeal that the trial court erred in granting a declaratory judgment to Ballwin because Ballwin failed to proceed with substantial evidence to show that the annexation was reasonable and necessary.[1] St. Louis County suggests that because the Northeast area contains no vacant land and the South area only includes 174 acres of vacant land the issue of necessity based on the ground that the City needs land to develop must fail. The

County also focuses on the fact that the City of Ballwin has only used seven-tenths (7/10) of its potential debt capacity. But, this court has previously held in *City of Perryville v. Brewer,* that in determining whether annexation is reasonable and necessary the court must consider many factors. And, it is not necessary that all of the factors be present before an annexation will be declared valid. *Perryville,* 557 S.W. 2d 457, 461-62 (Mo.App., E.D.1977). Although not exclusive, a listing of such criteria would generally include: (1) a need for residential or industrial sites within the proposed area; (2) the city's inability to meet its needs without expansion; (3) only needs which are reasonably foreseeable and not visionary should be considered; (4) past growth may be relied on to show the future necessity; (5) in evaluating future needs, the extent to which past growth has caused the city to spill over into the proposed area; (6) the beneficial effect of uniform application and enforcement of municipal zoning ordinances in the city and in the annexed area; (7) the need for or the beneficial effect of uniform application and enforcement of municipal building, plumbing and electrical codes; (8) the need for or the beneficial effect of extending police protection to the annexed area; (9) the need for or beneficial effect of uniform application and enforcement of municipal ordinances or regulations pertaining to health; (10) the need for and the ability of the city to extend essential municipal services into the annexed area; (11) enhancement in value

---

**1.** The City of Ballwin argues in its brief that they were not required to obtain a judicial review following the election. We reject this contention. Ballwin suggests that the legislature, by enacting H.B. 1110 L.1980, eliminated the need to obtain a declaratory judgment from the annexation procedures of a city in a first class county. H.B. 1110 L.1980 repealed and rewrote RSMo §§ 71.015, 71.870, 71.880. It did not repeal RSMo § 71.860 which serves to make § 71.015 applicable to cities located in any first class county which adopted a constitutional charter for its own local government. The Supreme Court of Missouri in *City of Kirkwood v. Allen,* 399 S.W.2d 30 (Mo. banc 1966), held that compliance with the election requirement of RSMo § 71.870 should precede the judicial review required by RSMo § 71.015. It would be incorrect to interpret *City of Kirkwood v. Allen*

or H.B. 1110 L.1980 as stating that compliance with § 71.015 is not required following compliance with § 71.870. This conclusion is further justified by a reading of RSMo § 71.920 (1986) in conjunction with § 71.015 and § 71.870. Section 71.920 of the Revised Missouri Statutes states in part as follows:

"In the event that the question of annexing such territory is approved by a *unanimous affirmative vote* in both the annexing municipality and the territory sought to be annexed, the annexing municipality, other provision of this chapter notwithstanding, shall extend its limits by ordinance to include such territory...." (Emphasis added)

Only upon such a unanimous affirmative vote can the declaratory judgment proceedings be avoided.

by reason of adaptability of the land proposed to be annexed for prospective city uses; and (12) regularity of boundaries. *City of Eureka v. Hall*, 687 S.W.2d 917, 921 (Mo.App., E.D.1985). We are not concerned with weighing the interests of St. Louis County on the issue of annexation. *Id.* By giving all the affected residents the right to vote on the proposed annexation, the legislature permitted the interests of the county to be considered in the first instance. *City of Town & Country v. St. Louis County*, 657 S.W.2d 598, 605 (Mo. banc 1983).

█ The trial court made a specific finding for each annexation as follows: "[T]he governing body of the city of Ballwin had evidence that it was reasonable and necessary to annex the unincorporated tract of land." Based on the criteria set forth in *Town & Country v. St. Louis County* we must agree with the trial court's findings. As stated previously, the standard for judicial review of such a decision is whether there is substantial evidence showing that the reasonableness and necessity of the annexation is at least fairly debatable. *Binger*, 588 S.W.2d at 485. The South area includes 174 acres of vacant land. Although there are 100 acres of vacant land within the existing boundaries of Ballwin, only fifty percent of this land lies in tracts large enough to be available for development of residential and commercial uses. Furthermore, this court has previously held that there is no requirement that a city utilize all vacant land before it is able to extend its city limits. *City of O'Fallon v. Bethman*, 569 S.W.2d 295, 303 (Mo.App., E.D.1978).

Evidence was adduced at trial regarding the beneficial effect of uniform application of municipal ordinances and municipal services. And, the trial court made a specific finding that Ballwin could provide municipal services to the annexed areas within a reasonable time and commencing one year after a favorable vote on the annexation question. Ballwin also suggests that police protection may be offered more efficiently to the proposed annexation areas by the Ballwin police department than by the St. Louis County police department. It has further been suggested that the proposed annexation will create more regular boundaries for Ballwin. Evidence adduced regarding all of these factors constitutes substantial evidence demonstrating that the reasonableness and necessity of the annexations is at least debatable. First point denied.

St. Louis County argues in its second point that the trial court erred in two ways: (1) in finding that the plaintiff demonstrated that the representative defendants were fairly chosen and adequately represented the interests of the class; and (2) in finding that the plaintiff's choosing defendants' attorney and paying his fees was permissible.

█ At the outset we address St. Louis County's second argument, regarding selection and payment of defendant's attorney. RSMo § 71.015 (1986) requires that the annexing city file an action praying for a declaratory judgment. This action shall be a class action against the inhabitants of such unincorporated area. In order for the named defendants to serve as defendants it is wholly reasonable for the annexing city to offer the services of an unrelated attorney. The fact that the City of Ballwin made a motion to the court that Mr. Polster also be appointed the attorney for all inhabitants of the unincorporated areas proposed to be annexed does not in itself point to collusion. The rights of the absent members must be protected by appointing counsel. The attorneys for St. Louis County and for the named defendants both expressed an interest in representing the defaulting members of the class. The trial court exercised its discretion in appointing Mr. Polster to represent the unnamed defendants. Taxing a reasonable fee for such counsel as costs is permitted pursuant to Supreme Court Rule 54.17(f).

█ St. Louis County further contends in its second point that the trial court erred in finding that the plaintiff demonstrated that the representative defendants were fairly chosen and adequately represented the defaulting members of the class. We disagree. The rule which we find controlling is found in *City of Lebanon v. Holman*, 402 S.W.2d 832 (Mo.App., S.D. 1966). Plaintiff is not required to state in the petition how the class representatives

were chosen or how they will adequately represent the unnamed defendants. *City of Lebanon*, 402 S.W.2d at 835. It is sufficient if the plaintiff pleads the ultimate essential facts of his cause of action, not the evidence by which those ultimate facts will be established. *Id.*

 Plaintiff is required to prove at trial that the named defendants were fairly chosen and will adequately represent the defaulting members of the class. The City offered adequate proof to demonstrate that the representative defendants were not randomly selected, as was prohibited in *City of St. Charles v. Schroeder*, 474 S.W. 2d 55, 59 (Mo.App., E.D.1971). For a determination of the issue whether named defendants have been fairly chosen and provide adequate representation the particular facts of each individual case must be examined. *City of Salisbury v. Nagel*, 420 S.W. 2d 37, 47 (Mo.App., W.D.1967). The evidence adduced at trial revealed that the individually named defendants were selected because they owned property within the areas proposed for annexation and expressed an interest in the proceedings at a statutorily required, adequately noticed public hearing. The trial court made specific findings that the individually named defendants were fairly chosen and did fairly and adequately represent the class of inhabitants of the areas proposed for annexation. There has been no showing that the trial judge abused his discretion. Point denied.[2]

The judgment of the trial court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.

---

**2.** The City of Ballwin filed a motion to enjoin St. Louis County from providing services within the annexed tracts after November 3, 1988, one year after the election took place. The City's motion is herein denied. We hold that jurisdiction over the annexed areas will not transfer until the appellate process has been completed, *i.e.* upon the date this court issues a mandate to the circuit court. *See generally Ensweiler v. City of Gary*, 325 N.E.2d 507, 508 (Ind.Ct.App.1975); *Hunter v. City of Asheville*, 80 N.C.App. 325, 341 S.E.2d 743, 744 (1986); *County of York v. City of Williamsburg*, 204 Va. 731, 133 S.E.2d 520, 528 (1963). *But see Jackson v. City of Little Rock*, 274 Ark. 51, 621 S.W.2d 852, 853 (1981).