James A. BOYER and Ann Boyer, Plaintiffs–Appellants,

v.

ELJER MANUFACTURING, INC., A Delaware Corporation, Defendant–Respondent.

No. 17413.

Missouri Court of Appeals, Southern District, Division One.

May 4, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 26, 1992.

Application to Transfer Denied June 30, 1992.

Don M. Henry, Dale R. Engelbrecht, Henry & Henry, P.C., West Plains, for plaintiffs-appellants.

Rich D. Moore, Kenneth A. Wagoner, Brill, Moore & Wagoner, West Plains, for defendant-respondent.

PREWITT, Presiding Judge.

This products liability action was brought against the manufacturer of a saw blade, contending that the saw blade was defectively designed and that defendant did not give an adequate warning of the danger created by the defective design. Judgment was entered in accordance with a jury

verdict for defendant. Plaintiffs appeal, presenting seven points relied on.

Plaintiff James A. Boyer operated a sawmill and worked as the "head sawyer" at the mill. On September 24, 1986, while he was preparing a log to be sent through a saw, a "bit" and a "shank" were thrown from its revolving saw blade. Boyer was hit in the forehead by the shank. The bit hit him near the bridge of his nose and went into his right eye, blinding him in that eye.

The saw blade is known as a Simonds "F-style" blade. It has insertable "bits" and "shanks". The bits, sometimes referred to as "teeth", can be removed and replaced as they get worn. The shanks hold the bits in place and are designed to expel the sawdust after the bits cut into the logs. The shanks are also replaced periodically. Plaintiff James Boyer acquired the saw blade in 1984 from a company that had used it for a number of years. The saw blade was manufactured in 1974 by the Simonds Cutting Tools Division of Wallace Murray Corporation. The parties stipulated that defendant is the successor corporation of Wallace Murray Corporation and "that there is no issue as to whether plaintiffs have named the proper defendant."[1]

Plaintiffs presented evidence that defendant held patents on an alternative design which plaintiffs' experts said were less likely to throw bits and shanks. Defendant manufactured such saw blades and sold them primarily in Canada. Defendant countered with evidence that the blade in question was properly designed, safe and no more dangerous than the design which plaintiff asserted was safer. Other facts will be mentioned in discussing plaintiffs' points.

Plaintiffs first point states that the trial court erred in overruling their motion to strike defendant's "affirmative defense regarding Plaintiff James Boyer's failure to wear safety glasses"; in overruling plaintiffs' objection to the testimony regarding safety glasses and in refusing to instruct

the jury to disregard that testimony; and in refusing to give plaintiffs' withdrawal instruction withdrawing for the jury's consideration the failure to wear safety glasses.

■ The ruling on the motion to strike was an interlocutory ruling not binding when evidence was being presented. See Rule 74.01(b). It was decided when only the pleadings were before the court and was not conclusive that the evidence would in fact be admitted. A pretrial ruling is interlocutory and is subject to change when additional information is developed at trial. *See Bushong v. Marathon Elec. Mfg. Corp.*, 719 S.W.2d 828, 840 (Mo.App.1986).

■ The major deficiency in plaintiff's argument is that, contemplating that the trial court was going to allow evidence of the lack of use of safety glasses, plaintiffs first brought that issue into the trial. Plaintiffs' counsel mentioned it in opening statement and presented evidence of it in their case in chief.

■ A party who has conveyed information to a jury during its opening statement or who has introduced evidence concerning a certain fact may not on appeal complain that his opponent was allowed to introduce related evidence in rebuttal or explanation. *Bushong*, 719 S.W.2d at 841. Acknowledging that this occurred, plaintiffs, in their reply brief, say that it did not prevent the trial court from erring by refusing to instruct the jury to disregard the evidence. The withdrawal instruction plaintiffs offered stated:

> "The fact that plaintiff James Boyer was not wearing safety goggles or glasses is withdrawn from the case and you are not to consider such evidence in arriving at your verdict."

This argument fails for the same reason. It was plaintiffs who initially put this evidence before the jury, having done so they are not in a position to complain to the trial court, or here, that the jury should not have heard the evidence or thereafter

---

1. At trial it was apparently agreed that the defendant would be referred to as "Simonds Cutting Tools".

should disregard it. The first point is denied.

For their second point plaintiffs contend that the trial court erred in submitting Instructions No. 11 and 18, patterned after MAI 32.23. Instructions No. 11 and Instructions 7 and 9 referred to in it are set forth marginally.[2] Instruction 18 is not set forth because it follows the same form, but for the claim of plaintiff Ann Boyer.

Plaintiffs contend there was no evidence supporting the instruction because there was no evidence that James Boyer knew that the saw blade, bits and shanks were defective in their design or that there was anything mechanically wrong with them. Plaintiffs assert that neither James Boyer's failure to wear safety glasses, nor using the saw blade with regular size shanks, constituted contributory fault nor established that he voluntarily and unreasonably exposed himself to the danger referred to in the instructions.

■ In considering if the evidence supported an instruction, this court views the evidence and all reasonable inferences to be drawn from it most favorable to the party tendering the instruction. *Grippe v. Momtazee*, 705 S.W.2d 551, 553 (Mo.App.

1986); *Flannery v. Whitaker*, 612 S.W.2d 146, 148 (Mo.App.1981).

The parties appear to agree that the issue is whether plaintiff James A. Boyer knew of the danger as submitted in his submission instructions, and appreciated the danger of the use, but nevertheless voluntarily and unreasonably exposed himself to such danger. The incident occurred before July 1, 1987, the effective date of § 537.765, RSMo Supp.1991. At that time whether an instruction patterned after MAI 32.23 should be given was controlled by *Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491 (Mo. banc 1986), and its progeny. See, e.g., *Harper v. NAMCO, Inc.*, 765 S.W.2d 634, 637 (Mo.App.1989).

James Boyer was aware that a bit and shank had been thrown the week before. He was hit in the arm. He tried using another size shank, and when that did not fit, used a regular size shank. Plaintiffs assert that he thought he had corrected the problem by inserting new bits and replacing every other shank, a common practice, and one approved by defendant in its literature. Defendant counters that it was not necessary that he knew the exact cause of

2. INSTRUCTION NO. 11
Your verdict must be for defendant Simonds Cutting Tools if you believe:
First, when the saw blade, bits and shanks were used, plaintiff James Boyer knew of the danger as submitted in Instructions Number 7 and 9 and appreciated the danger of its use, and
Second, plaintiff voluntarily and unreasonably exposed himself to such danger, and
Third, such conduct directly caused or directly contributed to cause any damage plaintiff James Boyer may have sustained.
INSTRUCTION NO. 7
In Verdict A on plaintiff's James Boyer's claim for personal injury based on defective product design, your verdict must be for plaintiff James Boyer if you believe:
First, defendant sold the saw blade, bits and shanks in the course of defendant's business, and
Second, the saw blade, bits and shanks were then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and
Third, the saw blade, bits and shanks were used in a manner reasonably anticipated, and
Fourth, plaintiff James Boyer was damaged as a direct result of such defective condition as

existed when the saw blade, bits and shanks were sold,
unless you believe plaintiff James Boyer is not entitled to recover by reason of Instruction Number 11.
INSTRUCTION NO. 9
In Verdict A on plaintiff's James Boyer's claim for personal injury based on failure to warn, your verdict must be for plaintiff James Boyer if you believe:
First, defendant sold the saw blade, bits and shanks in the course of defendant's business, and
Second, the saw blade, bits and shanks were then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and
Third, defendant did not give an adequate warning of the danger, and
Fourth, the product was used in a manner reasonably anticipated, and
Fifth, plaintiff was damaged as a direct result of the saw blade, bits and shanks being sold without an adequate warning,
unless you believe plaintiff James Boyer is not entitled to recover by reason of Instruction Number 11.

the defect, merely that there was one and if he was aware that the saw blade was defective, he did not need to know the specific defect that caused it to be dangerous, citing *Ensor v. Hodgeson*, 615 S.W.2d 519, 525 (Mo.App.1981).

▮ To be entitled to a contributory fault instruction, appellant must prove (1) that the plaintiff knew the facts which create the danger; (2) that the plaintiff comprehends and appreciates the danger; and (3) that plaintiff nevertheless voluntarily and unreasonably exposes himself to the risk. *Jarrell v. Fort Worth Steel & Mfg. Co.*, 666 S.W.2d 828, 833 (Mo.App.1984). Evidence must exist to show that the danger is open and obvious and that plaintiff voluntarily and unreasonably encountered a known risk. *Harper v. NAMCO, Inc.*, 765 S.W.2d 634, 637 (Mo.App.1989).

▮ In order to submit contributory fault it is not necessary that the plaintiff have knowledge of the precise engineering explanation of the defect, but there must be evidence that plaintiff realized there was a problem with the product that rendered it dangerous to use. *Ensor*, 615 S.W.2d at 525.

▮ In considering this point we agree with plaintiff that failure to wear safety glasses should not be considered as there was no evidence that plaintiff James Boyer knew such glasses might have prevented or reduced the danger. Cf. *Schlisler v. Rotex Punch Co.*, 746 S.W.2d 592, 594 (Mo.App. 1988); *Uder v. Missouri Farmers Ass'n, Inc.*, 668 S.W.2d 82, 89 (Mo.App.1983).

Obviously, James Boyer, as anyone would, knew dangers are inherent around a sawmill. However, there is no evidence that he knew that the saw blade he was using was any more dangerous than other saw blades. The premise on which plaintiffs sought to recover was that the F-style saw blade was more dangerous than another style of defendant's saw blades. Boyer stated he knew that a saw blade can be worn so much that the shanks would not stay in tight. Thus, he knew the danger of using a saw blade in a badly worn condition. This, however, is not the danger

upon which plaintiffs sought to recover and which is referred to in instructions 11 and 18. Moreover, even if relevant to this point there was no evidence that James Boyer knew that this blade was so worn that it would be more likely to throw bits and shanks. It was error to give Instruction 11 and 18 and their giving requires a new trial.

It is only necessary to discuss one of plaintiffs' other points as the complaints in the others may not arise upon retrial. That point asserts that the trial court abused its discretion in permitting Frank Douglas to testify as an expert witness regarding certain issues.

▮ In order for an expert witness to be qualified it must appear that because of education or specialized experience the person possesses superior knowledge respecting a subject about which persons having no particular training are incapable of forming an accurate opinion or of drawing correct conclusions. *City of Ballwin v. Hardcastle*, 765 S.W.2d 324, 326 (Mo.App. 1989). An expert must have sufficient skill, knowledge, or expertise so that his opinion may aid the trier of fact. *McCutcheon v. Cape Mobile Home Mart*, 796 S.W.2d 901, 906 (Mo.App.1990).

▮ Admitting or excluding expert testimony is generally left to the sound discretion of the trial court. *City of Ballwin*, 765 S.W.2d at 326. That decision should not be set aside unless there is an abuse of discretion. *McCutcheon*, 796 S.W.2d at 906.

▮ Douglas had owned and operated a saw repair shop for twelve years. He retensioned saws, replaced bits and shanks, replaced and repaired saws and their accessories. He had worked in the timber industry for several years, including time as a "head sawyer". He attended school to learn how to service Simonds saw blades. He also said that he had actual experience in inserting and removing both the standard F-style shanks and bits and Simalock holders and teeth; the latter being of a design that plaintiffs say was safer. Douglas' qualifications were such that the

trial court did not abuse its discretion in allowing him to testify.

The judgment is reversed and the case remanded for further proceedings.

CROW and PARRISH, JJ., concur.