CHARLOTTE T. CURRY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AND CHARLES E. CURRY, PLAINTIFFS AND CAROL SCARVEY, PLAINTIFF-INTERVENOR v. FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHARLOTTE, DEFENDANT

No. COA96-180

(Filed 7 January 1997)

1. **Appeal and Error § 340 (NCI4th)— dismissal—motion for reconsideration—error not set out—brief—no argument**

     The Court of Appeals dismissed appellants appeal from the trial court's order denying their motion for reconsideration of its earlier rulings with respect to class certification and intervention. In their brief, the appellants did not set out any argument concerning the propriety of the court's order; rather, they argued only the denial of plaintiffs' motion for class certification and intervenor's motion to intervene. Appellants' assignments of error were directed to the denial of plaintiffs' motion for class certification and intervenor's motion to intervene; they did not assign error to the denial of their motions for reconsideration. The scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal. N.C.R. App. P. 10(a).

     **Am Jur 2d, Appellate Review §§ 285 et seq., 484 et seq.**

2. **Appeal and Error § 384 (NCI4th)— record on appeal—failure to serve—not tolled—thirty-five day period—notice of appeal—motion for reconsideration**

     Appellants' appeal was properly dismissed where they failed to serve the record on appeal upon all other parties within thirty-five days after filing notice of appeal pursuant to N.C. R. App. P. 11(a). Appellants incorrectly believed that the filing of a notice of reconsideration after a notice of appeal was filed tolled

CURRY v. FIRST FEDERAL SAVINGS AND LOAN ASSN.

[125 N.C. App. 108 (1997)]

the thirty-five day period for filing the record on appeal. The general rule is that an appeal takes the case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the trial judge is *functus officio*.

**Am Jur 2d, Appellate Review §§ 326 et seq.**

Appeal by plaintiffs and intervenor from orders entered 31 October 1995 by Judge Robert P. Johnston and 8 March 1996 by Judge William H. Helms in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 November 1996.

*Moore & Brown, by Beverly C. Moore, Jr., Sandra B. Brantley, and B. Ervin Brown, II; Law Offices of Richard Bennett, by Richard Bennett, and Law Offices of Lisa Bennett, by Lisa Bennett, for plaintiff-appellants and intervenor-appellant.*

*Bell, Davis & Pitt, P.A., by William K. Davis and Stephen M. Russell, for defendant-appellee.*

MARTIN, John C., Judge.

Plaintiffs Charlotte T. Curry and Charles E. Curry, and intervenor Carol Scarvey (hereinafter collectively referred to as appellants) have filed notices of appeal from two orders entered in this civil action. The appeals have been consolidated pursuant to N.C.R. App. P. 40. The procedural history of the cases is as follows: On 10 December 1993, plaintiff Charlotte Curry filed this action on behalf of herself and a purported class against defendant First Federal Savings and Loan Association of Charlotte for breach of contract, breach of fiduciary duty, and unfair trade practices. Charles Curry was added as a plaintiff, but not as a class representative. On 14 October 1994, the Currys (plaintiffs) filed a motion for class certification pursuant to N.C.R. Civ. P. 23. In March 1995, Carol Scarvey (intervenor) moved to intervene as a party plaintiff pursuant to N.C.R. Civ. P. 24(b).

By letter dated 4 August 1995, the trial court advised counsel for the parties of its intention to deny the motions for class certification and intervention. On or about 8 September 1995, plaintiffs and intervenor filed a motion requesting that the trial court reconsider its proposed class certification and intervention rulings. On 15 September 1995, the trial court entered orders in accordance with its previously announced intention and denied plaintiffs' motion for class certification and intervenor's motion to intervene. On 20 September 1995,

plaintiffs and intervenor filed "Plaintiffs' Renewed Motion For Reconsideration" with respect to the rulings contained in the 15 September 1995 orders. On 16 October 1995, prior to a ruling on their motions for reconsideration, plaintiffs filed a notice of appeal from the 15 September 1995 orders.

On 31 October 1995, the trial court entered an order denying "Plaintiffs' Motion to Reconsider Proposed Class Certification/ Intervention Ruling, filed September 8, 1995, and Plaintiffs' Renewed Motion for Reconsideration with respect to the orders denying intervention and class certification, filed September 20, 1995." On 8 November 1995 appellants filed a notice of appeal from the 31 October 1995 order.

On 30 November 1995, defendants moved to dismiss the appeal from the 15 September 1995 orders on the ground that appellants had failed to serve a proposed record on appeal within thirty-five days after filing their notice of appeal on 16 October 1995 as required by N.C.R. Civ. P. 11(b). The motion to dismiss the appeal from the 15 September 1995 orders was granted on 8 March 1996. Appellants then gave notice of appeal from the 8 March 1996 order.

The appeals before this Court are (I) in case number 96-180, appellants' appeal from the trial court's 31 October 1995 order denying their motions for reconsideration; and (II) in case number 96-598, their appeal from the trial court's 8 March 1996 order dismissing their 16 October 1995 appeal from the orders denying class certification and intervention. We will address them sequentially.

I.

[1] In case number 96-180, appellants gave notice of appeal from the trial court's 31 October 1995 order denying their motions for reconsideration of its earlier rulings with respect to class certification and intervention. In the record on appeal, however, the only two assignments of error are directed to the denial of plaintiffs' motion for class certification and intervenor's motion to intervene; appellants have not assigned error to the denial of their motions for reconsideration. "[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . . ." N.C.R. App. P. 10(a). Even if appellants' appeal can be interpreted as an exception to the 31 October 1995 order itself, bringing forward any error of law apparent on its face, *see Wade v. Wade*, 72 N.C. App. 372, 325 S.E.2d 260, *disc. review denied*, 313 N.C. 612, 330 S.E.2d 616

(1985), appellants do not set out any argument in their brief concerning the propriety of the 31 October 1995 order; rather, they argue only the denial of plaintiffs' motion for class certification and intervenor's motion to intervene. Thus, appellants have not presented for appellate review the propriety of the 31 October 1995 order denying their motions to reconsider and their appeal from that order must be dismissed.

## II.

[2] In the remaining appeal, case number 96-598, the dispositive issue is whether appellants' 16 October 1995 appeal from the 15 September 1995 orders denying their motions for class certification and intervention was properly dismissed for appellants' failure to timely file a proposed record on appeal. We hold that it was and affirm the order of dismissal.

N.C.R. App. P. 11(b) provides that if the record on appeal is not settled by agreement under N.C.R. App. P. 11(a), appellant shall serve a proposed record on appeal upon all other parties within thirty-five days after filing notice of appeal. *Higgins v. Town of China Grove,* 102 N.C. App. 570, 402 S.E.2d 885 (1991). In this case, the proposed record on appeal was not settled by agreement of the parties as provided by Rule 11(a). Thus, appellants had until 20 November 1995, thirty-five days after their 16 October 1995 notice of appeal from the 15 September 1995 orders, to serve a proposed record on appeal on defendants; they failed to do so. Indeed, there is no indication in either of the records filed in conjunction with the appeals before us now that appellants have ever served a proposed record on appeal in connection with their 16 October 1995 notice of appeal.

Citing G.S. § 1A-1, Rule 59 and N.C.R. App. P. 3(c)(3), however, appellants argue that the trial court erred in dismissing their 16 October 1995 appeal from the 15 September orders because their motions for reconsideration of those orders tolled the time requirements of the Appellate Rules. Alternatively, they argue their "premature" 16 October 1995 notice of appeal should have been "held in abeyance" during the pendency of their motions for reconsideration or "treated as a nullity" which would be cured by their 8 November 1995 notice of appeal. We reject their arguments.

G.S. § 1A-1, Rule 59 provides a mechanism for alteration or amendment of a judgment upon grounds stated in the rule and requires that the motion be served not later than 10 days after entry

of the judgment. N.C. Gen. Stat. § 1A-1, Rule 59(a) & (e). N.C.R. App. P. 3(c)(3) provides that the time for filing and serving a notice of appeal is tolled by a timely motion under Rule 59 to alter or amend a judgment. However, neither of these rules is applicable to the present case.

Initially, we observe that the trial court's 15 September 1995 orders denying plaintiffs' motion for class certification and intervenor's motion to intervene were not judgments. "A judgment is a determination or declaration on the merits of the rights and obligations of the parties to an action," *Hunter v. City of Asheville*, 80 N.C. App. 325, 327, 341 S.E.2d 743, 744 (1986), and an order is "every direction of a court not included in a judgment." *Id.* Thus, the motions denominated by appellants as motions for reconsideration were not motions to alter or amend a judgment pursuant to Rule 59(e). Moreover, even if Appellate Rule 3(c)(3) were applicable to a motion for reconsideration such as that made by appellants here (though we specifically hold it is not), it was not appellants' failure to give a timely notice of appeal that resulted in dismissal of their appeal. Rather, dismissal resulted from appellant's failure to timely serve the proposed record on appeal pursuant to N.C.R. App. P. 11(b) after giving a proper notice of appeal. Neither the North Carolina Rules of Civil Procedure nor the North Carolina Rules of Appellate Procedure provide for holding a premature notice of appeal "in abeyance" or treating it as a "nullity" pending the resolution of motions such as those filed by appellants. Indeed, G.S. § 1-294 (1996) provides that "[w]hen an appeal is perfected . . . it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein . . . ."

In *Estrada v. Jaques*, 70 N.C. App. 627, 321 S.E.2d 240 (1984), this Court stated that "[t]he general rule is that an appeal takes the case out of the jurisdiction of the trial court. Thereafter, pending the appeal, the trial judge is *functus officio*. The enactment of N.C. Gen. Stat. § 1A-1, Rules 59 and 60 (1983) did not change this rule." *Id.* at 637, 321 S.E.2d at 247 (emphasis added) (citations omitted). Therefore, defendants' 16 October 1995 notice of appeal divested the trial court of jurisdiction to rule on their pending motions, and the trial court was not empowered to take further action except as to matters relating to the appeal, G.S. § 1-294, *Bowen v. Motor Co.*, 292 N.C. 633, 234 S.E.2d 748 (1977); *see, e.g.*, N.C.R. App. P. 11, 25, 27 and 36; G.S. § 1-283, or as otherwise permitted by statutes not applicable here. *See, e.g.*, N.C. Gen. Stat. § 1A-1, Rules 52(b) (amendment

to findings by court); Rule 60(a) (correction of clerical errors); and Rule 62 (stays).

Consequently, by filing the 16 October 1995 notice of appeal, appellants removed jurisdiction from the trial court and its 31 October 1995 denial of the motions to reconsider and defendants' 8 November 1995 appeal of that denial were nullities. Thus, defendants were required to serve a proposed record on appeal upon all other parties within thirty-five days. N.C.R. App. P. 11(b). Since they failed to do so, their appeal was properly dismissed.

Case No. 96-180—Appeal dismissed.

Case No. 96-598—Affirmed.

Judges GREENE and WYNN concur.