Ken Casady, Prosecuting Attorney 22d Judicial District
102 South Main Street Benton, Arkansas 72015
Dear Mr. Casady:
I am writing in response to your request for an opinion on the following questions:
 1. When the governing body of a municipality approves an annexation ordinance under A.C.A. § 14-40-503, should the county assessor begin applying city millage to the real property in the newly annexed area immediately upon being notified by the municipality, or should the assessor wait until the thirty (30) day time period for challenging the annexation in circuit court has elapsed?
 2. When the governing body of a municipality approves an annexation ordinance under A.C.A. 14-40-503, should the county clerk change the voting precincts of the newly annexed area immediately upon being notified by the municipality, or should the clerk wait until the thirty (30) day time period for challenging the annexation in circuit court has elapsed?
 3. If suit is brought in circuit court within the thirty (30) day challenge period mentioned in A.C.A. 14-40-503, should the county assessor and the county clerk wait until final adjudication of the matter is complete and all appeals are exhausted before taking any of the above-cited actions? *Page 2 
 4. When the governing body of a municipality approves an annexation ordinance under A.C.A. 14-40-503 and suit is filed challenging that decision in circuit court within the 30-day period, does the county court hold in abeyance any decision on petitions filed and pending before the county court for voluntary annexation under A.C.A. 14-40-601, where a decision regarding such petitions would affect the distance of city limits adjoining the unincorporated area's perimeter under A.C.A. 14-40-501(a)(1)(B)?
RESPONSE
With respect to your first question, although the issue invites legislative clarification, it is my opinion that the county assessor in all likelihood should begin applying city millage to the real property in the newly annexed area immediately upon being notified by the municipality that an annexation ordinance under A.C.A. § 14-40-503 has been approved. With respect to your second question, in accordance with the conclusion just stated, I believe the county clerk should change the voting precincts upon being notified of the city council's approval of the annexation, rather than waiting until the thirty (30) day time period for challenging the annexation in circuit court has elapsed. In my opinion, in light of the foregoing, I believe the answer to your third question is "no." With respect to your fourth question, given my opinion that an annexation pursuant to A.C.A. § 14-40-503 is effective as of the date of the city council's approval, I believe it would be improper for the county court to act on pending petitions for voluntary annexation under A.C.A. § 14-40-601 until and unless the annexation under A.C.A. § 14-40-503 is declared void by a court.
Question 1: When the governing body of a municipality approvesan annexation ordinance under A.C.A. 14-40-503, should the countyassessor begin applying city millage to the real property in thenewly annexed area immediately upon being notified by themunicipality, or should the assessor wait until the thirty (30) daytime period for challenging the annexation in circuit court haselapsed?
In my opinion, although the answer to this question is not entirely clear, I believe a court might well conclude that the county assessor should apply the city millage upon the date of annexation rather than awaiting the lapse of the 30-day period during which the annexation may be challenged. *Page 3 
Subsection 14-40-501(a)(1)(A) of the Arkansas Code (Supp. 2009) authorizes a municipality to annex an unincorporated area that is completely surrounded by the municipality's corporate limits or surrounded on three sides with the state line bounding the fourth. This authority is qualified by the requirement that the land to be annexed fall within one or more of various conditions set forth in A.C.A. § 14-40-302 (Supp. 2009). A.C.A. § 14-40-501(b)(1). Subchapter 5 of title 14, chapter 40 of the Code (Repl. 1998 Supp. 2009) provides for notice and a public hearing following the proposal of an ordinance calling for annexation. A.C.A. § 14-40-502 (Repl. 1998). The subchapter contains no provision calling for a vote of the landowners approving the annexation; rather, A.C.A. § 14-40-503 (Repl. 1998) provides only that the governing body of the municipality, following a public hearing, will vote to approve or disapprove the annexation, subject to the condition, set forth in subsection (b) of the statute, that anyone wishing to challenge the council's provisional decision may do so by filing an action within 30 days of the enactment of the ordinance.
The timetable for effecting the annexation — and, by possible extension, for applying a city millage on the affected real property — is set forth in A.C.A. §§ 14-40-502 and-503. Subsection 14-40-502(a) requires that a public hearing be held within 60 days of the proposal that the annexation ordinance be passed. Subsection (b) of the statute requires that notice of the hearing be published within 15 days of the hearing. Subsection 14-40-503(a)(1) provides that the council may bring the proposed annexation order up for a vote at the next scheduled council meeting following the public hearing. Subsection (a)(2) provides that a positive vote will establish a "prima facie case for annexation" and directs the city to "proceed to render services to the annexed area." Subsection (b) provides that the council's vote will be "final" unless a challenger files suit within 30 days.
The issue underlying your question is whether the directive that the city "proceed to render services to the annexed area" upon an approving vote of the council authorizes the city immediately to impose a millage upon the residents of the annexed area to defray the costs of those services or whether the assessor must wait to impose this millage until the 30-day period to challenge the annexation has passed. Unfortunately, I have found no statutory or case law that directly addresses this question. Although the statutory directive that the city proceed to provide services to the annexed area clearly implies that the annexation — and, presumably, the authority to charge for services rendered as a result of the annexation — is triggered purely by the council's vote approving the annexation, *Page 4 
the issue is somewhat muddled by the statutory provisions declaring that the vote establishes only a prima facie case for annexation, which may be challenged within a period of 30 days from the vote.
As noted in 62 C.J.S. § 64, Municipal Corporations (1999):
 In the absence of a statute to the contrary, territory annexed to a municipal corporation becomes a part thereof immediately on annexation, and comes under the power, control, and jurisdiction of the municipality, insofar as powers of a political and governmental nature delegated to the municipality by law are concerned, and the municipality assumes the burdens attached to the territory annexed. All parts of the city, annexed as well as original territory, are entitled to the same advantages, and they must also bear like burdens.
(Emphasis added; footnotes omitted.) Section 66 of this treatise, captioned "Time of Taking Effect," likewise declares:
 Annexation of territory to a municipal corporation ordinarily occurs on enactment of the statute providing therefor or at such other time as may be prescribed by the legislature, and the added territory becomes subject to municipal benefits and burdens immediately on its annexation. . . .
(Emphasis added; footnote omitted.) The section further remarks:
 New territory annexed to a municipal corporation becomes entitled to the benefits of the facilities of the municipality, and subject to its share of municipal burdens, immediately on the taking effect of the annexation.
(Footnote omitted.)
This section further notes, however, that "under some statutes," the annexation, with its attendant benefits and burdens relating to the annexed territory, is effective "on the expiration of a complaint against the annexation."
In applying these general principles, the question appears to be whether the provision in A.C.A. § 14-40-503(a)(2) directing that a vote of the city council *Page 5 
approving annexation require the city to "proceed to render services to the annexed area" imposes upon the residents of the annexed area a concomitant obligation to pay for those services. Intuitively, the answer to this question would appear to be "yes," given that the recipients of a mandatory provision of services following an authorized annexation should logically be expected to pay for those services. However, I have found no authority that directly addresses this issue. The problem with respect to this question arises from the fact that subsection (b) of this statute might be read as directing that the council vote approving annexation be merely provisional, as distinct from "final" — the quoted term from the statute possibly suggesting that the effect of the council's approval will be triggered only after the 30-day period for filing a challenge has elapsed.
In addressing this question, I am inclined to conclude that the provision of the statute obliging the city immediately to provide services to the annexed area upon a vote approving the annexation indeed triggers not only the authority, but an obligation, to charge the residents of the annexed area for the costs of municipal services rendered. In this regard, I believe a reviewing court might well be inclined to read subsection (b) of the statute not as a restriction on the effective date of the annexation ordinance, but rather as a restriction, in the interests of "finality," on the availability of a judicial challenge by the residents of the annexed area. Compare Jackson v. City of Little Rock, 274 Ark. 51,621 S.W.2d 852 (1981) (upholding the city's collection of franchise taxes, based upon services rendered, during the pendency of an appeal which resulted in the annexation being declared void);see also Op. Att'y Gen. No. 1994-340 (discussing the implications of this principle). As the court noted inJackson:
 The chancellor held that the appellee City of Little Rock was under the responsibility to furnish services to the annexed area. Therefore, the City properly collected franchise taxes from appellants in the area during the pendency of the appeal to the Supreme Court from a circuit court order approving the annexation.
Id. At 51-52. In the present case, the statute imposes upon the annexing municipality an obligation immediately to provide services to the annexed area, which I believe means the municipality is conversely obliged to assess the residents of the annexed area for the rendering of those services. In my opinion, then, a reviewing court would in all likelihood conclude that the county assessor should apply city millage to real property in a newly annexed area immediately upon being notified by the municipality. Having offered this opinion, I must note *Page 6 
that legislative or judicial clarification on this issue would be welcome within the specific context of the annexation of surrounded land.
Question 2: When the governing body of a municipality approvesan annexation ordinance under A.C.A. 14-40-503, should the countyclerk change the voting precincts of the newly annexed areaimmediately upon being notified by the municipality, or should theclerk wait until the thirty (30) day time period for challenging theannexation in circuit court has elapsed?
For the reasons set forth in my response to your previous question, I believe the county clerk should change the voting precincts of the annexed area upon being informed of the city council's approval of the annexation, which would appear to become effective as of the date of the council's vote, rather than upon the lapse of the 30-day period to appeal that vote.
Question 3: If suit is brought in circuit court within thethirty (30) day challenge period mentioned in A.C.A. 14-40-503,should the county assessor and the county clerk wait until finaladjudication of the matter is complete and all appeals are exhaustedbefore taking any of the above-cited actions?
In my opinion, the answer to this question is, in all likelihood, "no." Nothing in the statute or any other authority I have found suggests that the consequences of a city's immediate annexation of property, accompanied by an immediate provision of services to the annexed area, should be stayed or superseded pending the disposition of an appeal challenging the annexation. Until a circuit court declares otherwise on appeal, I believe an annexation effected by an appropriate vote of a city council should be treated as a faitaccompli, meaning that the city is obliged to provide municipal services and the residents of the annexed area are obliged to pay their proportional share of the expenses to provide those services.
Question 4: When the governing body of a municipality approvesan annexation ordinance under A.C.A. 14-40-503 and suit is filedchallenging that decision in circuit court within the 30-day period,does the county court hold in abeyance any decision on petitionsfiled and pending before the county court for voluntary annexationunder A.C.A. 14-40-601, where a decision regarding such petitionswould affect the distance of city limits adjoining theunincorporated area's perimeter under A.C.A.14-40-501(a)(1)(B)? *Page 7 
Although the Code does not directly address the scenario set forth in your question, I believe the answer to this question is, in all likelihood, "yes."
The provisions of A.C.A. § 14-40-503 are set forth and discussed in detail above. Subsection 14-40-501(a)(1)(B) of the Code (supp. 2009), provides as follows:
 If the incorporated limits of two (2) or more municipalities have completely surrounded an unincorporated area, the governing body of the municipality with the greater distance of city limits adjoining the unincorporated area's perimeter may propose an ordinance calling for the annexation of the land surrounded by the municipalities, unless it is agreed by the adjoining municipalities that another of the adjoining municipalities should propose an ordinance calling for the annexation.
Section 4-40-601 of the Code (Repl. 1998) provides:
 (a) Whenever a majority of the real estate owners of any part of a county contiguous to and adjoining any city or incorporated town shall desire to be annexed to the city or town, they may apply, by petition in writing, to the county court of the county in which the city or town is situated and shall name the persons authorized to act on behalf of the petitioners.
 (b) The "majority of real estate owners" referred to in this section shall mean a majority of the total number of real estate owners in the area affected, if the majority of the total number of owners shall own more than one-half (1/2) of the acreage affected.
In reviewing these two statutes, I am struck by the fact that they both address the annexation of unincorporated areas. As reflected in my response to your previous questions, I believe the Code appears to direct that an annexation pursuant to A.C.A. § 14-40-503 becomes effective upon the date of the city council vote approving the annexation. Although the Code would benefit from judicial clarification, I do not believe a pending appeal filed pursuant to A.C.A. § 14-40-503 affects the validity of the annexation; only a ruling by the court voiding the annexation would have that effect. *Page 8 
Subchapter 6 of title 14, chapter 40, sets forth a procedure whereby the owners of land adjoining a municipality may petition the county court to conduct a hearing and, if the allegations of the petition are supported by the proof, to annex the area described in the petition into the adjoining municipality. A.C.A. §§ 14-40-601 through-603 (Repl. 1998). Section 14-40-604 (Repl. 1998) directs that any action relating to any such annexation be deferred for a period of 30 days to enable any interested person to challenge the annexation in circuit court.
In my view, the mere fact that an appeal is pending challenging an annexation effected pursuant to A.C.A. § 14-40-503 does not stay the effect of the annexation, which will be valid unless and until a court voids the annexation. Specifically in response to your question, then, I do not believe that the pendency of the appeal under A.C.A. § 14-40-503 affects a petition for voluntary annexation under A.C.A. § 14-40-601. What matters, in my estimation, is the timing of events relating to the two avenues of effecting the annexation. If the city has, in fact, already annexed the land pursuant to A.C.A. § 14-40-503, this event would appear to moot any pending petition by residents within the annexed property to have the county court annex the property into a municipality. Presumably, under the proposed scenario, during the hearing called for in A.C.A. § 14-40-602, the county court would be apprised of the prior annexation under 14-40-503 and reject the petition. The question of whether granting the pending petition would affect the extent of the respective boundaries of two municipalities adjoining the annexed territory would consequently appear to be likewise moot.
Underlying this analysis, of course, is an assumption, which I believe is justified in light of the text of A.C.A. § 14-40-503, see response to question 1, that neither the 30-day window for filing an appeal nor the possible pendency of an appeal under that statute in any sense stays the effect of the annexation. If I am wrong in this assumption, it might be appropriate, although it is by no means straightforwardly mandated by statute or case law, for a county court to withhold action on a petition to annex until the circuit court has ruled on the appeal under A.C.A. § 14-40-503. This conclusion applies a fortiori if the county's proceeding with an annexation would change the relative boundaries of municipalities to land subject to annexation, thus possibly changing which municipality has priority regarding the possible annexation of property under A.C.A. § 14-40-501(a)(1)(B).
As the foregoing should suggest, all of your questions would be readily answered with more certitude than I feel comfortable advancing if the legislature clarified what is the effect of the 30-day window to appeal set forth in A.C.A. § 14-40-503. *Page 9 
Although I do not believe the possibility or the pendency of an appeal stays the effect of an annexation, the legislature would do well to clarify this issue one way or the other.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh

 *Page 1