Arthur B. SAUNDERS et al *v.* CITY of
LITTLE ROCK

74-118                                        515 S.W. 2d 633

Opinion delivered November 4, 1974
[Rehearing denied December 9, 1974.]

*Matthews, Purtle, Osterloh & Weber,* for appellants.

*Joseph C. Kemp,* for appellee.

CONLEY BYRD, Justice. This case involves the validity of the annexation of approximately 55 square miles of contiguous lands to the City of Little Rock, pursuant to the provisions of Acts of Arkansas 1971, No. 298 [Ark. Stat. Ann. §§ 19-307.1, 19-307.2, 19-307.3 and 19-307.4 (Supp. 1973)]. The annexation was approved by the voters of the City of Little Rock at a special election by a vote of 10,651 FOR and 6,919 AGAINST. The appellants Arthur B. Saunders, et al, property owners in the area, applied to the trial court pursuant to Section 3 of Act 298, *supra,* to have the annexation declared illegal and void because the 55 square miles contained lands used exclusively for agricultural purposes contrary to the proviso contained in Ark. Stat. Ann. § 19-307.1. The trial court entered a written opinion in which he made a specific finding as follows:

> "There is included within the area proposed for annexation several plots of acreage in size up to 250 acres or more, many of which, part or all of which, are currently devoted to agricultural or horticultural uses. This fact has been conceded by the City. . . ."

Notwithstanding the above clear cut finding the trial court ruled that proper and efficient land use planning required the lands to be annexed to the City. The City of Little Rock to sustain the annexation action of the trial court places great emphasis upon proper and efficient "land use planning" and makes the following argument:

> ". . . Appellee contends that the prohibition against annexing lands being used for agricultural or horticultural purposes is not absolute, but that the Legislature intended such prohibition only when such land did not qualify for annexation under the language employed in any one of the sentences of the first paragraph of said Section 19-307.1."

The statute on which the parties rely for their respective positions provides:

> "Any municipality may by vote of two-thirds of the total number of members making up its governing body adopt an ordinance to annex lands contiguous to said

municipality provided the lands are either (1) platted and held for sale or use as municipal lots; (2) whether platted or not, if the lands are held to be brought on the market and sold as urban property when they reach a value corresponding with the views of the owners; (3) when the lands furnish the abode for a densely settled community, or represent the actual growth of the municipality beyond its legal boundary; (4) when the lands are needed for any proper municipal purposes such as for the extension of needed police regulation; or (5) when they are valuable by reason of their adaptability for prospective municipal purposes.

Provided, however, that contiguous lands shall not be annexed when they are either; (1) used only for purposes of agriculture or horticulture; (2) are vacant lands and do not derive special value from their adaptability for municipal uses; or (3) are lands upon which a new community is to be constructed with funds guaranteed in whole or in part by the federal government under Title IV of The Housing and Urban Development Act of 1968. . . ."

Over the years the courts of this nation have been called upon to construe statutes containing both general provisions and specific or express exceptions. For instance in *Cook, Commissioner of Revenues* v. *Gore*, 214 Ark. 777, 218 S.W. 2d 82 (1949), we stated the general rule of construction to be given to such statutes as follows:

". . . It has been held that where a general statutory provision contains an express exception, courts are required to give effect thereto, even though it may render the principal clause meaningless. . . ."

In *Scott* v. *Greer*, 229 Ark. 1043, 320 S.W. 2d 262 (1959), we stated the rule of construction to be applied in this manner:

". . . Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect as clearer and more definite expressions of the legislative will. . . ."

When we apply the foregoing rules of construction, which were available to the legislators and presumably recognized by them at the time Act 298, *supra*, was enacted, we find that the annexation proceeding here involved must be nullified and voided. In so doing we note that our General Assembly is not the first legislative body to exclude lands used for agriculture from annexation or land use regulation. See *People* v. *City of Joliet*, 321 Ill, 385, 152 N.E. 159 (1926), *Gaspari* v. *Board of Adjustment of Township*, 392 Pa. 7, 139 A. 2d 544 (1958), and *Carp* v. *Board of County Com'rs. of Sedgwick*, 190 Kan. 177, 373 P. 2d 153 (1962).

Appellee also contends that this construction of the exception of lands "used only for purposes of agriculture or horticulture" would in effect absolutely prohibit any meaningful annexation by a city under the first five sentences of Ark. Stat. Ann. § 19-307.1, *supra*. This contention appears to arise from an overly broad interpretation of the agricultural use exception employed by appellee in its brief that was not shared by counsel for appellants during oral argument—*i.e.*, appellee contended that every plot of land used to grow a garden or pasture a horse would stymie the growth of the City. However, in view of the concession that appellee made with respect to the nature of the agricultural use of the lands here involved and the issues on which evidence was taken, we do not undertake to give an advisory opinion as to what may or may not constitute lands "used only for purposes of agriculture." As pointed out in *City of Little Rock* v. *Findley*, 224 Ark. 305, 272 S.W. 2d 823 (1954), "new attempts at annexation will unavoidably involve new parties and new issues. . . ."

Appellants also raise other issues including constitutional questions that we do not reach in view of the disposition herein made.

Reversed and remanded with direction to annul the annexation.

FOGLEMAN, J., concurs, and JONES, J., dissents.