## G. W. HERROD et al *v.* The CITY OF NORTH LITTLE ROCK

76-191                                    545 S.W. 2d 620

Opinion delivered January 24, 1977
(Division I)

*Matthews, Purtle, Osterloh & Weber,* by: *John I. Purtle,* for appellant.

*Sam Hilburn,* City Atty., for appellee and cross-appellant.

CONLEY BYRD, Justice. The City of North Little Rock, by Ordinance #4453, sought to annex seven separate tracts of lands lying in Pulaski County which it denominated Tracts A, B, C, D, E, F and G. The Election Commission submitted the matter to a vote at the 1974 General Election on the sole issue of "For Annexation" or "Against Annexation" so that it was a take all or leave all proposition. Appellants contested the annexation with respect to Tracts A, B, C and F. After a stipulation was entered into admitting that all of the remonstrants either reside in or are property owners in Tracts A, B and C and that Tracts A, B and C did include farmlands, appellants moved for a summary judgment. The trial court granted a summary judgment voiding the annexation as to Tracts A, B and C but entered a summary judgment in favor of the City on Tract F on the theory that appellants had no standing to complain about the annexation of Tract F. Appellants appeal as to Tract F contending that if part of the annexation is ruled invalid the balance cannot stand the attack because the courts have no power to reduce the area to that which might qualify for annexation. The City has cross-appealed contending that Acts 309 and 904 of 1975 are procedural in nature and should be applied to the pending litigation.

The contention on the cross-appeal arises because Acts of Arkansas 1971, No. 298 prohibited the annexation by a city of land used only for the purpose of agriculture or horticulture. See *Saunders* v. *City of Little Rock,* 257 Ark. 195, 515 S.W. 2d 633 (1974). Following the *Saunders* opinion and the annexation attempt here, but before this litigation was tried to the lower court, Acts 309 and 904 of 1975 became effective. Those acts provide that ". . . contiguous lands shall not be annexed when they either: (1) have a fair market value at the time of the adoption of the ordinance of lands used only for agriculture or horticulture purposes and the highest and best

use of said lands is for agricultural or horticultural purposes; . . . " In contending that the 1975 Acts should be given a retroactive effect, the City argues that ". . . Acts 309 and 904 of 1975 are procedural in nature and not substantive; *i.e.,* that they change the manner in which vested interests are to be protected but that they do not violate these interests per se." The premise of the City's argument is erroneous. Under the system of government established for cities the annexation of contiguous lands is a privilege extended to the cities and controlled by the General Assembly. An enlargement of the privilege is a substantive matter not affecting one's procedural rights before a judicial tribunal. It follows that we find no merit to the cross-appeal.

The trial court in entering judgment in favor of the City as to Tract "F" (on the theory that appellants had no standing to contest the annexation) apparently was misled by some language of this Court in *City of Crossett* v. *Anthony,* 250 Ark. 660, 466 S.W. 2d 481 (1971). However in that case the City of Crossett submitted separately to the voters in both the city and the proposed annexed areas the question of "For" or "Against" annexation. In the case before us the voters of both the City and the several proposed annexed areas were not given that opportunity as required by Ark. Stat. Ann. § 19-307 (Supp. 1975). Under the system here used the votes for one of the proposed areas or the votes in one of the proposed areas may have prevented a fair presentation of the contention of persons in another proposed area who may have had a more appealing cause for not being annexed. The rule that this Court has followed in such situations in the past is set forth in *City of Little Rock* v. *Findley,* 224 Ark. 305, 272 S.W. 2d 823 (1954), in this language: "Moreover, a petition like this one is properly rejected if only a part of the contemplated addition fails to meet the requirements for inclusion within the municipality; the impropriety need not extend to the whole of the territory sought. *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S.W. 891, 16 S.W. 291, 11 LRA 778." It therefore follows that we must agree with appellant that the trial court erred in entering judgment in favor of the City as to Tract "F".

This disposition makes it unnecessary to reach other contentions raised by the parties.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.