Edward GAY, et al. *v.* The CITY OF SPRINGDALE,
Arkansas, and the SPRINGDALE CITY COUNCIL

85-95                                   696 S.W.2d 723

Supreme Court of Arkansas
Opinion delivered September 30, 1985
[Supplemental Opinion on Denial of Rehearing
November 12, 1985.*]

---

\* Purtle, J., not participating.

56

*Evans & Evans*, by: *James E. Evans, Jr.*, for appellant.

*Herdlinger, Jacoway & Stanley, P.A.*, by: *David S. Herdlinger*, for appellee.

ROBERT H. DUDLEY, Justice. The City Council of Springdale adopted an ordinance which proposed the annexation of five separate tracts of land totaling 7,000 acres. The land was predominantly used for agricultural purposes. An election was

held, and the vote was in favor of the annexation. The remonstrants challenged the annexation in circuit court. The trial court upheld the annexation. We reverse.

■ The first paragraph of our annexation statute provides that a city may annex lands when one of five criteria is met.

> Any municipality may . . . adopt an ordinance to annex lands contiguous to said municipality, provided the lands are either (1) platted and held for sale or use as municipal lots; (2) whether platted or not, if the lands are held to be sold as suburban property; (3) when the lands furnish the abode for a densely settled community, or represent the actual growth of the municipality beyond its legal boundary; (4) when the lands are needed for any proper municipal purposes such as for the extension of needed police regulation; or (5) when they are valuable by reason of their adaptability for prospective municipal uses.

Ark. Stat. Ann. § 19-307.1 (Repl. 1980).

■ The five criteria listed in the first paragraph of the statute are disjunctive, and annexation may be proper when any one of the five conditions is met. *Faucett* v. *City of Atkins*, 248 Ark. 633, 636, 453 S.W.2d 64, 67 (1970).

■ However, the statute also contains a second paragraph. Before a 1975 amendment, the second paragraph, in part, provided "lands shall not be annexed when they are . . . used only for purposes of agriculture or horticulture. . . ." We interpreted the second paragraph to mean that land used primarily for agriculture could not be annexed to a city, even if one of the five conditions of the first paragraph was met. *Saunders* v. *City of Little Rock*, 257 Ark. 195, 515 S.W.2d 633 (1974). Shortly after our decision, the General Assembly modified the second paragraph to provide "lands shall not be annexed when they . . . have a fair market value . . . only for agricultural or horticultural purposes and the highest and best use of said lands is for agricultural or horticultural purposes. . . ." Thus, the prohibition against annexing lands being used for agricultural or horticultural purposes is no longer absolute. Under the current statute such lands may be annexed to a municipality if the highest and best use of those lands is for something other than agriculture

or horticulture and one of the five criteria of the first paragraph of the statute is met. *Holmes* v. *City of Little Rock*, 285 Ark. 296, 686 S.W.2d 425 (1985).

In the case before us, the lands sought to be annexed are primarily used for agricultural purposes, but the highest and best use is for something other than agriculture. Accordingly, the tracts are subject to annexation if any one of the criteria of the first paragraph is met.

■■ The procedural rules are well settled to determine whether any one of the criteria is met: A majority of electors voting in favor of annexation makes a *prima facie* case for annexation, and the burden rests on those objecting to produce sufficient evidence to defeat the *prima facie* case. *City of Crossett* v. *Anthony*, 250 Ark. 660, 466 S.W.2d 481 (1971). If only one of the five tracts is found to be improperly included in the annexation, the entire annexation must fail. *Herrod* v. *City of North Little Rock*, 260 Ark. 890, 545 S.W.2d 620 (1977).

Here, a majority voted in favor of annexation, thus the remonstrants had the burden of producing evidence sufficient to defeat the *prima facie* case. They met that burden.

■ First, the proof was clear that most of the land was neither platted nor held for sale as municipal lots. Second, the proof was overwhelming that the bulk of the land is held for investment purposes, agricultural purposes, or to be sold as two-to-five acre "farmettes." Therefore, it was not held to be sold as suburban property. Third, there are only 700 homes and 2,500 people in the entire 7,000 acres. Obviously, the tracts represent neither a densely settled area nor the actual growth of the city beyond its boundary. In fact, the appellees' testimony was entirely in terms of the future growth of the city beyond its boundary. Fourth and fifth, a number of witnesses testified by stipulation that "[t]he lands are not needed for municipal purposes and are not adaptable for municipal purposes." These actual stipulations are not contradicted by opposing testimony. In view of the evidence, the proof is clear that the lands did not meet any one of the criteria set forth in the first paragraph of the annexation statute. Therefore, the lands are not eligible for annexation.

Because of the decision we reach, it is not necessary that we discuss the other points of appeal.

Reversed and dismissed.

PURTLE, J., not participating.

Supplemental Opinion on Denial of Rehearing
November 12, 1985

698 S.W.2d 300

ROBERT H. DUDLEY, Justice. On petition for rehearing the petitioners, City of Springdale, et al., resolutely contend that this Court erred in basing its opinion upon the city's failure to meet one of the five annexation requirements of Ark. Stat. Ann. § 19-307.1 (Repl. 1980) because, petitioners contend, the issue was not raised in the trial court.

▮▮ Clearly, an issue not raised at the trial court level may not be raised for the first time on appeal. *Wasp Oil, Inc.* v. *Arkansas Oil & Gas, Inc.*, 280 Ark. 420, 658 S.W.2d 397 (1983). In the oral argument before this Court, the petitioners claimed that the annexation requirements of the statute were not raised at the trial level. At that time we questioned the claim. We then discussed the matter in our decisional conference and again at our opinion conference. We concluded that while the statute was not expressly mentioned in the complaint, the matter was plainly and fairly raised at the trial level.

The reasons for our decision were as follows: First, the evidence, as set out in the opinion, showed that there was a failure to meet any one of the five statutory requirements. Second, the trial attorneys, who are also the attorneys on appeal, plainly argued the matter to the trial court. We quote a part of petitioners' argument to the trial court which includes quotations

from 19-307.1:

> Mr. Herdlinger: [Petitioners' attorney]
> Now, let's go back to the first argument that, — that Mr. Evans gave. He says there's no purposes, but he just read you parts of sentences. When we go to the purposes clause, number three says: "When the lands furnish the abode of a densely settled community." And, he stopped right there, but, the sentence goes on: "Or, represent the actual growth of the municipality beyond it's boundary." And, that's exactly what it does. Look at the boundaries. These are just areas that represent the growth patterns outside of those boundaries. The city has grown to the stage that it's time to expand, expand those areas, in. And, that's what's represented by the red marks (indicating) out there. It also says, number four, it says, either, or, it could be any of these things, that's the argument for number three; but, the argument, also, is true for argument four: "When the lands are needed for any proper municipal purposes, such as the extension of police regulation." There are other municipal purposes, obviously. The continuation of roads . . . .

Third, the trial court was cognizant of the issue. We quote a part of the argument which was made by respondents' attorney and the court's response:

> Mr. Evans: [Respondents' attorney]
> Your Honor, I think I'd like to go back to those two sections, *19-307.1* and *19-307.2*. *19-307.1* and *19-307.2* both were passed in 1975. To use *19-307.2* the city would have to have the requirements under *19-307.1* Those are the five things they must have. It says: "Any municipality may, by two-thirds of the total members making up its governing body, adopt an ordinance to annex lands contiguous to said municipality, provided the lands are . . ."; and, then, it lists the five things: Platted and held for sale for use as municipal plots. Whether it was platted or not, if held to be sold as suburban property. When the lands furnish an abode for a densely settled community, or represent the growth of the municipality beyond its legal boundaries. When it's necessary for police regulation; and five, when they are valuable by reason of their adaptability

for prospective municipal uses. There is all the stipulated testimony in the record, couched with those five, none of which are met. There is testimony from the mayor which shows none of these five have been met. There was testimony from Mr. Berry which showed none of these five had been met. There was testimony from Mr. Reed that also showed that about five of them, — of the five, — have not been met. Reading what he said and applying it. Now, if that is so, if the city didn't have the platted lands held or sold as municipal plots, the densely populated area, the need for the police protection; if they didn't have all of those things, they could not go under *19-307.2*. They are companion statutes, which means you have got to go back to the area, and let their vote count. *19-307.1* and *19-307.2* are steps. They are stairsteps in the process that has to be gone through. If these five things exist, you can use —

The Court:
— Either. It says, either.

Mr. Evans:
Yes, sir.

The Court:
Either one of them will work.

Mr. Evans:
Yes, sir, I am saying none of the five were even met. Police regulation? They don't need it. Everything we went through with that —

The Court:
— Well, what about three and four?

Mr. Evans:
A densely settled community? There's seven hundred people on seven thousand acres. Seven hundred homes in seven thousand acres. That's not densely settled or populated . . . .

Fourth, the petitioners did not claim surprise and responded to all arguments concerning the statute.

After considering the matter, we concluded that the petitioners' failure to meet any one of the five statutory annexation

requirements was plainly and fairly raised in the trial court, and that we should decide the case on the basis stated in the opinion.

Rehearing denied.

PURTLE, J., not participating.