Dan UTLEY *v.* The CITY OF DOVER, Arkansas

02-243 101 S.W.3d 191

Supreme Court of Arkansas
Opinion delivered March 13, 2003

218

*The Rose Law Firm, A Professional Association,* by: *Michael N. Shannon,* for appellant.

*David H. McCormack,* for appellee.

WH. "DUB" ARNOLD, Chief Justice. This appeal involves the interpretation of a statute allowing for annexation of lands contiguous to municipalities and the exceptions thereto. The appellant, Dan Utley, challenged an annexation approved by a majority of voters in a special election held by the City of Dover, on April 10, 2001; appellant complained that the annexation violated Arkansas law set forth in Ark. Code Ann. §§ 14-40-301 to 304 (Repl. 1998 and Supp. 2001). The trial court upheld the annexation. We affirm.

On February 6, 2001, appellee, the City of Dover (hereafter "Dover"), adopted its Ordinance 2001-2, entitled "An Ordinance Submitting to the Voters of the City of Dover, Arkansas, and Other Affected Persons, the Questions of Annexation to the City

of Dover, Arkansas, Certain Contiguous Territory" (hereafter the "Ordinance"). A special election was held by Dover on April 10, 2001, in which a majority of the voters participating approved the annexation.

Appellant is the co-owner of property within the city limits of Dover. He also is a 25 percent shareholder in an entity that owns property within the proposed area to be annexed. On May 2, 2001, appellant filed suit in the Circuit Court of Pope County, challenging the annexation. The complaint alleged that annexation violated Arkansas law set forth in Ark. Code Ann. §§ 14-40-301 to 304.

A trial was held before the Pope County Circuit Court on October 3, 2002, after which the court issued a ruling dismissing appellant's complaint and upholding the annexation election. It is from that ruling that appellant brings the instant appeal. Appellant asserts the following eight points on appeal:

1) The trial court erred in finding that the lands in the annexed area were platted and held for sale or use as municipal lots pursuant to Ark. Code Ann. § 14-40-302(a)(1);

2) The trial court erred in finding that the lands in the annexed area, whether platted or not, were held to be sold as suburban property pursuant to Ark. Code Ann. § 14-40-302(a)(2);

3) The trial court erred in finding that the lands in the annexed area represented the actual growth of the City of Dover beyond its legal boundaries pursuant to Ark. Code Ann. § 14-40-302(a)(3);

4) The trial court erred in finding that the lands in the annexed area were needed for proper municipal purposes pursuant to Ark. Code Ann. § 14-40-302(a)(4);

5) The trial court erred in finding that the lands were valuable by reason of their adaptability for prospective municipal uses pursuant to Ark. Code Ann. § 14-40-302(a)(5);

6) The trial court erred in finding that appellant failed to establish that the highest and best use of any parcel within the subject area is horticultural or agricultural pursuant to Ark. Code Ann. § 14-40-302(b);

7) The trial court erred in failing to grant appellant's motion to amend final judgment wherein appellant requested that the trial court void the annexation pursuant to Ark. Code Ann. § 14-40-304(b) because the City of Dover had failed to use the proper standards outlined in Ark. Code Ann. § 14-40-302 when determining the lands to be annexed;

8) The trial court erred in denying appellant's motion to disqualify counsel for the City of Dover.

Appellee, Dover, cross-appeals, asserting simply that the trial court erred in failing to dismiss the complaint of the appellant since the same was untimely. Appellee maintains that, pursuant to Ark. Code Ann. § 14-40-304(a), any challenge to an annexation should have been filed within thirty days after the election and that appellant failed to properly bring such action in a timely manner. The trial court disagreed with this and refused to dismiss appellant's complaint. Appellee asserts that this was error.

■ ■ This case is governed by Ark. Code Ann. §§ 14-40-301 to 304 concerning municipal annexation of contiguous lands through election. Our standard of review in annexation cases is that the order of the circuit court will be upheld unless it is clearly erroneous. *Holmes v. City of Little Rock*, 285 Ark. 296, 686 S.W.2d 425 (1985). Section 14-40-302(a) sets forth five acceptable bases upon which an annexation by election may be based. Specifically, section 14-40-302(a) states as follows:

(a) By vote of two-thirds (2/3) of the total number of members making up its governing body, any municipality may adopt an ordinance to annex lands contiguous to the municipality if the lands are any of the following:

(1) Platted and held for sale or use as municipal lots;

(2) Whether platted or not, if the lands are held to be sold as suburban property;

(3) When the lands furnish the abode for a densely settled community or represent the actual growth of the municipality beyond its legal boundary;

(4) When the lands are needed for any proper municipal purposes such as for the extension of needed police regulation; or

(5) When they are valuable by reason of their adaptability for prospective municipal uses.

■ ■ These bases have been referred to as the *Vestal* criteria after this Court's decision in *Vestal v. Little Rock*, 54 Ark. 321, 15 S.W. 891 (1891), from which they originate. It is not necessary that all five criteria be met. Rather, the lands must meet only one of the five. *See Town of Houston v. Carden*, 332 Ark. 340, 965 S.W.2d 131 (1998). However, this Court has also made it clear that if a part of the proposed area does not meet one of the five requirements, the annexation of the entire area is void *in toto. Id.*; *see also Gay v. City of Springdale*, 298 Ark. 554, 769 S.W.2d 740 (1989)(holding that if one of several tracts is found to be improperly included, the entire annexation must fail).

■ Further, § 14-40-302(b) sets forth certain types of land that cannot be annexed, regardless of whether they might meet one or more of the criteria set out in subsection (a). Relevant to this case is the language in subsection (b)(1)(A), which prevents annexation of lands that "[h]ave a fair market value at the time of the adoption of the ordinance of lands used only for agricultural or horticultural purposes and the highest and best use of the lands is for agricultural or horticultural purposes." *Town of Houston*, 332 Ark. at 348, 965 S.W.2d at 135 (1998)(holding that agricultural and horticultural lands are not to be annexed when their highest and best use is for agricultural and horticultural purposes).

I. *Platted and Held for Use as Municipal Lots* —.
*Ark. Code Ann. § 14-40-302(a)(1)*

■ Appellant asserts that in its final judgment, the trial court found that appellant "did not prove that none of the lands in the annexed area were platted and held for sale or use as municipal lots as required by Ark. Code Ann. § 14-40-302(a)(1)." Appellant maintains that this was error and references several reasons to support his position. However, when looking at the actual final judgment entered by the trial court, it actually reads as follows:

The court specifically finds that the plaintiff [appellant] *did prove* that none of the lands in the annexed area were platted and

held for sale or use as municipal lots as required by Ark. Code Ann. § 14-40-302(a)(1). [Emphasis added.]

It appears, from the reading of the judgment, that the trial court actually ruled in appellant's favor on this point, and appellant obviously misread the judgment to read that he "did *not* prove . . . ." As such, it is unnecessary for us to address this point, as appellant prevailed on the matter in the trial court and no cross-appeal was brought on this point.

## II. Whether Platted or Not, Held to be Sold as Suburban Property — Ark. Code Ann. § 14-40-302(a)(2)

In its final judgment, the trial court found that appellant "failed to offer sufficient evidence that the lands in question, whether platted or not, were not held to be sold as suburban property." To support its finding, the trial court stated that "[t]he testimony established that the lands in question met the definition of 'suburban' because they are in close proximity to the city limits of the City of Dover, Arkansas, and the City of Russellville, Arkansas, and there are utilities, businesses, a shopping center, a church and residences in the area which are indicative of a 'suburban' area." Appellant asserts that this finding was erroneous for several reasons.

First, appellant asserts that the trial court misapplied appellant's burden of proof by requiring appellant to prove that all of "the lands in question" in the annexed area were not held to be sold as suburban property, when he was actually only required to prove that a part of the lands did not meet the criteria. Appellee claims that appellant has mischaracterized the trial court's opinion and that the final judgment makes clear that the court was well aware of the statutory requirements for annexing property and of the appellant's burden of proof. We agree. There is simply no language contained in the final judgment from which it can be said that the trial court ruled as appellant argues.

Next, appellant asserts that the trial judge erred because he determined that the lands in the area met the definition of the word "suburban," rather than finding that the lands in the annexed area were "held to be sold as suburban property," as referenced in

the statute. Appellant maintains that the trial court's definition of the word "suburban" is irrelevant under the statute and that that was not the appropriate standard. We disagree. Defining the word "suburban" is clearly relevant to a determination of whether the lands in the area being annexed were "held to be sold as suburban property."

Appellant further argues that in regard to whether the lands were "held to be sold as suburban property," the court completely ignored the testimony of appellant and Ms. Hendrickson (who owns six acres within the annexed area) that each of their properties were not held to be sold as suburban and that appellee's witnesses provided no guidance on this subject. We find no merit to this argument. First, the trial court is in the best position to judge the credibility of witnesses. Next, both appellant and Ms. Hendrickson were interested parties. This Court has long held that the testimony of a party interested in the result of the action will not be regarded as undisputed in determining the sufficiency of the evidence. *See Cadillac Cowboy, Inc. v. Jackson,* 347 Ark. 963, 69 S.W.3d 383 (2002). Furthermore, such testimony does not prohibit a finding by the trial court in regard to other properties within the area to be annexed meeting this criteria. The law only requires that a tract meet one of the five criteria and merely because the property of appellant and Ms. Hendrickson may not meet this criteria does not mean that no other properties meet the criteria.

In regard to the appellant's assertion that none of appellee's witnesses provided guidance to the court on this subject, it appears to the contrary. Mayor Waldo testified that he had spoken with "three of the landowners that have major portions of the property to be annexed" and that "they had indicated to me that they were going to — that they wanted all of their land in the city limits if we did annex and that they were going to be subdividing that and selling lots for residential and commercial." While appellant may now say that he disagrees with such testimony, it was solicited by his own attorney during direct examination of Mayor Waldo. Such testimony clearly constitutes a basis for the trial court's decision on this point.

We further find it notable that appellant's present assertion is inconsistent with certain answers to interrogatories he gave prior to trial and was asked about during trial. One of those interrogatories asked appellant to identify any tracts which did not meet any of the five criteria. He acknowledged that his answer to this interrogatory was that he was "in the process of determining and compiling the list of specific tracts that do not meet the criteria in the statute," and that he further answered by stating that the response would be supplemented when such information was available. Appellant then admitted that he had not supplemented his answer and identified each tract and the criteria which that tract did not meet.

Moreover, during cross-examination, appellant admitted that in his deposition, he had testified that at some point it was possible that his property could be developed for residential or commercial use. He further acknowledged that directly across the road from his property was a cemetery and some commercial development. In fact, although he now criticizes the decision of the trial court and the fact that appellee's witnesses had not been on each tract of land within the area being annexed, appellant admitted that he had not sat down and looked at each of the areas being annexed and determined which could possibly be developed for residential or commercial purposes.

While appellant contends that the decision of the trial court was erroneous, such an argument ignores substantial testimony to the contrary. Specifically, upon examination of the testimony of Mayor Waldo in appellee's case-in-chief, the mayor testified that he was familiar with the five criteria and that he had reviewed the area to be annexed and, in his opinion, the area met the criteria under the statute.

Possibly the most compelling testimony presented from the viewpoint of the appellee was the testimony of Jim Von Tungeln, an urban planning consultant certified by the American Institute of Certified Planners, which is the professional arm of the American Planning Association. Von Tungeln testified that he had worked as the city planner on a consulting basis for the cities of Russellville, Searcy, Cabot, El Dorado, Harrison, and, on a less

frequent basis, for some ten other cities. He testified that an urban planner generally looks at the planning boundary of a city which can extend beyond the city limits and within that plan for orderly growth. He testified that he is familiar with the five criteria that are involved in annexation issues. He further testified that he had looked at appellant's Exhibit No. 2, which consisted of a map of the area being annexed and that he had generated a map of his own. Von Tungeln then gave a very detailed list of all actions that he had taken in arriving at an opinion as to whether the area being annexed met the five statutory criteria.

It was his opinion that every parcel of land in the area being annexed was held to be sold as suburban property. While the fact that Mr. Von Tungeln may not have personally visited with each property owner in the area might go to the weight to be given his testimony, he was qualified as an expert witness and certainly demonstrated a thorough familiarity with the area over an extended period of time.

Appellant argues that the only way to determine whether lands were actually being held for sale as suburban property was to ask the actual landowners themselves. Appellant seems to be forgetting that it was he who actually had the burden of proving that the lands being annexed did not meet one of the criteria. His argument also ignores the fact that the case law is clear that a majority of electors voting in favor of annexation makes a *prima facie* case for annexation, and the burden rests on the plaintiff [appellant here] to produce sufficient evidence to defeat the *prima facie* case. *Gay v. City of Springdale*, 298 Ark. 554, 769 S.W.2d 740 (1989). If appellant believed that tracts other than his and Ms. Hendrickson's did not meet this criteria, appellant should have called those landowners as witnesses; he chose, however, not to do so.

In short, the record reflects that both appellant and Ms. Hendrickson testified that their property was not being held to be sold as suburban property, while Mr. Von Tungeln and Mayor Waldo testified that all the property in the area being annexed met this criteria. Under our standard of review of an

annexation contest, appellant has failed to demonstrate that the trial court's ruling was clearly erroneous on this point.

### III. Actual Growth of the City of Dover Beyond its Legal Boundaries — Ark. Code Ann. § 14-40-302(a)(3)

The trial court found that the annexed area represented "the actual growth of the area of the City of Dover beyond its legal boundary." Appellant asserts that this finding was not supported by the evidence. Appellant maintains that the trial court misapplied the statute on this point in that, rather than basing its decision on whether there was any "actual" growth, the trial court impermissibly based its opinion on testimony that the annexed area was going to be a growth area in the future.

Appellant's argument seems to be that, before this criteria can be met, there must have already been substantial growth of a city into an area before that area can be annexed. Appellant cites no authority for this proposition. This Court has said on numerous occasions that it will not consider the merits of an argument if the appellant fails to cite any convincing legal authority in support of that argument, and it is otherwise not apparent without further research that the argument is well taken. *See Stilley v. James*, 347 Ark. 74, 60 S.W.3d 410 (2001).

Appellee contends, and we agree, that the requirement that an area being annexed represents the actual growth of a municipality does not mean that the municipality must have already grown into the area prior to annexation. One of the primary purposes of annexation by a municipality is to have *orderly* growth. If this Court were to accept the argument of appellant, such a purpose would be thwarted.

Even if appellant's argument had merit and this Court accepted same, there was testimony from which the trial court could have determined that the area being annexed represented the actual growth area of the appellee. Specifically, Mr. Hamilton (called by appellant and qualified as an expert in the field of certified general appraisers) testified that the commercial development

of Dover would go south and that south of the city was the actual growth of the commercial area of Dover as it extends.

The testimony of Mr. Von Tungeln on this criteria also clearly supports the decision reached by the trial judge. Although appellant asserts that because some of the property being annexed is within a flood plain, this means that it cannot be developed or meet any of the five criteria, Von Tungeln's testimony was to the contrary. In fact, he even gave specific examples of properties within flood plains being developed to generate income.

As with appellant's other points in this appeal, the record contains testimony that is favorable to both parties. When there is testimony that supports the decision of the trial court, there can be no demonstration that the decision reached was clearly erroneous. We, therefore, affirm the trial court on this point, as well.

### IV. Needed for Proper Municipal Purposes — Ark. Code Ann. § 14-40-302(a)(4)

The trial court found that this element of the statute had been met because "the lands in question are needed for the purpose of municipal growth and expansion." Appellant asserts that the sheer size of the annexed area attempted by Dover belies this finding and supports the contrary finding that the annexation was actually a "land grab." Appellant cites *Town of Houston, supra.*, in which the annexation was held improper where the town in that case had no real need for the additional acres and persons within the annexed area. Appellant further maintains that this additional alleged municipal purpose was not listed or described in any manner in the ordinance in question and that, for this reason, appellee should be estopped from relying upon this alleged municipal purpose to uphold its annexation.

The primary problem with appellant's arguments on this point is that they were not made to the trial court and are being raised for the first time on appeal. We have clearly held that argument, even constitutional arguments, are improperly raised for the first time on appeal. *Jones v. Jones*, 347 Ark. 409, 64 S.W.3d

728 (2002). Appellant has simply failed to preserve the arguments it now makes on this point for appeal.

■ Appellant further argues that, to expand the definition of "municipal purposes" as far as the trial court did, essentially reads subsections (a)(1), (a)(2), and (a)(3) out of the statute. This argument seems to ignore the fact that the *Vestal* criteria are in the disjunctive, as discussed earlier. *Gay v. City of Springdale, supra.* If property meets *any* of the criteria, then it does not matter that it may not meet any of the others. In addition, appellant cites no authority for his argument that the desire for a city to grow is not a "proper municipal purpose." Appellant simply notes that the language "proper municipal purpose" is broad.

Mayor Waldo testified that there were very few residential sites within the city limits of Dover; that the population of Dover had grown 20 to 25 percent in the last ten years; that the City of Dover was already providing utility service to a number of people in the area being annexed and that the city had a lot of infrastructure already in place; and, that there were a number of businesses and lands in the area being developed, divided, and subdivided. Finally, he testified that all of the lands in the annexed area were valuable by reason of their adaptability for prospective municipal purposes.

The testimony of Mr. Von Tungeln was similarly instructive on the issue. He testified that his expertise was in zoning or annexation for cities. As in prior points discussed above, Mr. Von Tungeln gave extensive testimony as to his knowledge of the lands in question and that, in his opinion, all of the lands met this criteria.

■ The trial court specifically found that appellee was very limited in any areas for expansion within its present city boundaries and that the expansion of a city's boundaries to facilitate new areas for new construction of businesses and homes was a legitimate municipal purpose. The trial court obviously relied heavily on Von Tungeln's testimony in this regard. The court also noted that appellee has extended water and sewer lines to the lands in question, as well as fire hydrants, and further found that maintenance and expansion of these services to people in the affected lands was proof that the lands were valuable by reason of their

adaptability for these prospective municipal purposes. Appellant has, in short, failed to demonstrate that the trial court's decision on this issue was clearly erroneous.

### V. Valuable by Reason of Their Adaptability for Prospective Municipal Uses — Ark. Code Ann. § 14-40-302(a)(5)

The trial court found that the land was valuable by reason of its adaptability for the prospective municipal use of extending water and sewer lines to the lands in question, as well as fire hydrants. Appellant asserts that the trial court and appellee's "expanded reading" of this portion of the statute is unsupported; further, appellant maintains that the trial court's ruling is "nonsensical," in that the lands themselves are not "valuable" to the city simply because Dover might be able to extend water and sewer services outside its city limits. Appellant again cites *Town of Houston* for the proposition that the proper focus is not on what is needed by the annexed area but rather on what benefits would be reaped by the original city. Appellant maintains that the extension of water and sewer lines and fire hydrants to the annexed area simply does not fit within subsection (a)(5) because these facts do not make the land "valuable" to the city itself.

Appellant asserts that even if this could be properly described as a benefit for the City of Dover, the land was not "needed" for the purpose of placing sewer and water lines through the area because that had been done twenty years ago. Appellant suggests that if this is the law, then any time a small city might want to extend water or sewer lines and connect these lines to those of another larger city, the smaller city could automatically annex all of the land between the cities.

Appellant acknowledges that if a portion of the land had been needed by Dover for the construction of a sewer treatment plant, for example, then this would be the precise kind of prospective municipal use envisioned by the statute. Other prospective municipal uses might be city parks or other publicly-owned facilities. Appellant directs the Court, however, to the testimony of Mayor Waldo, who testified that no such plans were in place and that he could not detail which lands would be valuable by reason of their adaptability for prospective municipal uses. Appellant, therefore, claims that the trial court erred in that it did not focus

on the value of the lands to the existing city but on the value to the lands to be annexed.

While appellant has only referenced the testimony of Mayor Waldo, he has apparently ignored the fact that Mr. Von Tungeln had also testified in regard to this requirement. Von Tungeln testified that the lands had developed from a basic vacant land along a quiet Arkansas scenic highway to land along a highly-traveled, four-lane facility between two growing cities in a growing county. He further testified that he knew of no tract of land in the annexed area that did not meet this criteria.

Obviously, from the testimony of Mr. Von Tungeln, the trial court was able to draw a finding that the lands met this criteria, and the appellant has done nothing more than attempt to point to evidence that he feels contradicts the court's finding rather than demonstrate that the record contained *no* evidence to support the trial court's findings. Regardless of appellant's argument or the evidence to which he points, the testimony of Mr. Von Tungeln on this criteria clearly supports the trial court's decision; therefore, we cannot say that the trial court's finding on this point was clearly erroneous.

*VI. Highest and Best Use of Any Parcel Within the Subject Area is Horticultural or Agricultural — Ark. Code Ann. § 14-40-302(b)*

The trial court found that appellant had failed to prove that the highest and best use of any parcel within the annexed area was horticultural or agricultural. Appellant again asserts that the trial court misapplied the statute and used the wrong standard in determining if any of the annexed lands met this criteria. We disagree.

Subsection (b)(1)(A) of § 14-40-302 states that contiguous lands shall not be annexed when they "[h]ave a fair market value *at the time of the adoption of the ordinance,* of lands used only for agricultural or horticultural purposes and the highest and best use of the lands is for agricultural or horticultural purposes." [Emphasis added.] Appellant asserts that the trial court ignored the phrase "at the time of the adoption of the ordinance," and, as it did with other criteria, applied a "potential" use or "future-use" standard. Appellant further maintains that the court ignored the testimony of landowners and experts that the land was actually

being used for agricultural purposes and had a highest and best use as such.

Appellant seems to be arguing both sides of this issue. On the one hand, he argues that the court should be looking at what the land was being used for *at the time of the adoption of the ordinance*; then, in the next paragraph of his brief, he claims that the court ignored the testimony of landowners and experts regarding what the land was currently being used for *at the time of the trial*. If the statute requires the value to be placed "at the time of the adoption of the ordinance," which appellant correctly states that it does, then what difference would any testimony from landowners or experts regarding its *current* use make? For example, the testimony of the appellant, Mr. Hamilton, and Mayor Waldo, cited by appellant, refers only to the current use being made of certain properties. Appellant has not referred to any testimony from any of these witnesses as to whether such use was in fact the highest and best use of these lands at the time the annexation ordinance was passed.

Appellant also seems to misconstrue the testimony of Mr. Von Tungeln. His testimony, as to the basis for determination of the highest and best use of property, was based upon a use that he felt was presently physically possible for the lands. He did not state that this possibility was what might happen in the future, as the appellant argues.

Appellant contends that the trial court ignored unrebutted testimony that much of the land was located in a flood plain and that the fair market value of the land in the flood plain would be set based upon its use for agricultural purposes. While there was such testimony, it was not *unrebutted*. Mr. Von Tungeln testified at several different points that merely because property was located in a flood plain did not prevent it from being developed for purposes other than agricultural in nature. Thus, at best, the testimony on this point is conflicting, and merely because appellant disagrees with the testimony of Mr. Von Tungeln and can point to conflicting testimony does not demonstrate reversible error.

*VII.* *Appellant's Motion to Amend Final Judgment and*
*Void the Annexation*

 Appellant asserts that the trial court should have amended its final judgment to include a finding that the annexation was void because the City of Dover made no considerable effort to determine whether the lands in the annexed area met the five criteria set forth in the ordinance as the bases for annexation. Appellant begins this argument by contending that the reason appellee was attempting to annex the property in question was because "it wanted to beat the City of Russellville to the land south on Highway 7." Even if such a statement were supported by any testimony or evidence of record, the motive of the appellee is irrelevant. Appellant has cited no case law or statutory law nor does he make any convincing arguments that motive was entitled to any consideration by either the trial court or by this Court. Again, we have repeatedly held that arguments unsupported by authority or convincing argument will not be considered. *Bunch v. State*, 344 Ark. 730, 43 S.W.3d 132 (2001).

 Appellant further argues that if a majority of the voters approve an election that a *prima facie* case has been made and that this is "contrary to the statute" and "promotes haphazard planning and 'land grabs' designed merely to benefit the city through increased tax revenues or other irresponsible goals." Interestingly enough, however, this argument fails to mention or attempt to distinguish *Gay v. City of Springdale*, 287 Ark. 55, 696 S.W.2d 723 (1985), which held:

> The procedural rules are well settled to determine whether any one of the criteria is met: A majority of electors voting in favor of annexation *makes* a *prima facie* case. *City of Crossett v. Anthony*, 250 Ark. 660, 466 S.W.2d 481 (1971).

*Gay v. City of Springdale*, 287 Ark. at 58. [Emphasis added.]

 Appellant's argument appears to be in direct contrast to the statutory scheme for challenging an annexation election. The appellant must prove that the lands do not meet the statutory requirements. The manner by which the lands being annexed were determined to be included or excluded or the manner used to determine whether they met the statutory requirements prior to annexation have been resolved by the election. The making of

a *prima facie* case as a result of the election had the effect of shifting the burden of proof to the appellant.

Appellant's argument is simply at odds with the statutory scheme and applicable case law in regard to annexations. There is simply no basis for delving into what may have transpired *prior* to the adoption of the annexation ordinance and election once the election was successful. At that point, the party attacking the election must prove that the lands do *not* meet the applicable criteria or that there was some irregularity in the election itself. Appellant has simply failed to demonstrate error in the actions of the trial court.

## VIII. *Motion to Disqualify Counsel for Appellee*

Appellant filed in the trial court a motion to disqualify counsel for the City of Dover, Mr. David McCormick, asserting that because he served as Dover's city attorney and actually drafted the ordinance in question, in addition to serving as trial counsel for appellee, his service as trial counsel created a conflict of interest and prejudiced appellant in violation of Rule 3.7 of the Arkansas Rules of Professional Conduct. The trial court rejected these arguments. We affirm the trial court.

Appellant has correctly noted that Rule 3.7 of the Arkansas Rules of Professional Conduct prevents an attorney from being an advocate in a case in which he is likely to be a *necessary* witness. However, merely because the appellant thinks that the attorney for the appellee is a "likely witness" is insufficient to justify appellant's effort to disqualify him in this action.

It is undisputed that appellee's attorney drafted the ordinance that called for the election, which appellant is challenging. However, an examination of the pleadings filed by appellant reveals that his attack is upon the lands within the area being annexed not meeting the statutory requirements, *not* the manner in which the ordinance was drafted nor the manner in which the ordinance was passed.

Appellant's brief asserts that Mr. McCormick's "testimony is certain to relate to highly-contested matters concerning the attempted annexation in this case" without ever setting forth what those "highly-contested matters" are, and, of which, Mr. McCor-

mick is supposed to have knowledge. Here, as in the trial court, the brief and argument of appellant make only vague and general allegations that Mr. McCormick has knowledge of certain matters that will be contested. At the very least, the appellant had the duty to advise the trial court and this Court of the exact matters about which Mr. McCormick will be expected to testify. Furthermore, appellant had the duty to demonstrate to the trial court that such testimony could not be gained from any other witness or source.

Most importantly is the fact that the manner in which the City of Dover Ordinance 2001-2 was enacted was not challenged in the trial court by appellant and is not relevant to the issues contained in appellant's pleadings. *Lee v. City of Pine Bluff*, 289 Ark. 204, 710 S.W.2d 205 (1986), holds that a majority of electors voting in favor of annexation makes a *prima facie* case for annexation, and the burden rests on those objecting to produce sufficient evidence to defeat the *prima facie* case. The facts surrounding the enactment of the annexation ordinance are simply not relevant. Appellant's brief fails to set forth any facts or law that gives this Court any legitimate basis for disqualification of Mr. McCormick. Appellant has simply failed to demonstrate that the trial court's decision to deny his motion to disqualify appellee's counsel was erroneous or that he was prejudiced as a result.

## IX. Cross-Appeal — Appellee's Motion to Dismiss Complaint

Appellee maintains that, pursuant to Ark. Code Ann. § 14-40-304(a), any challenge to an annexation should have been filed within thirty days after the election and that appellant failed to properly bring such action in a timely manner. The trial court disagreed with this and refused to dismiss appellant's complaint. Appellee asserts that this was error. We hold that, as a result of our affirmance of the trial court in regard to appellant's points on appeal, appellee's cross-appeal has become moot.

Affirmed.